## BAKER v. BARTOL et al.

Where a simple contract creditor filed a bill against the assignee of his debtor, not attacking the assignment, and merely praying for a distribution; and the plaintiff subsequently filed a supplemental bill, setting forth that in the meantime he had become a judgment creditor, and attacking the assignment for fraud, since discovered, and praying that it be set aside, and that the moneys in the hands of the assignee be appropriated to plaintiff's judgment: *Held*, that it is no objection to the supplemental bill that it prays for a different relief, and fails to bring in all the other creditors, who are alleged by the defence to be entitled to a ratable distribution.

The *gravamen* of both bills is the indebtedness, and every supplemental bill is enlarged or altered by every additional and pertinent fact, and the plaintiff has the right to attack the assignment for fraud discovered since filing his original bill.

Nor, having discovered the fraud by his superior diligence, is the plaintiff compelled to bring in the other creditors to share its fruits.

Nor is it necessary, in order to grant the relief sought, and to set aside the assignment, that the assignee should have been a party to the fraud.

And if the assignee, though innocent of the fraud, has, by a misplaced confidence, allowed his assignor to be his agent for the sale of the property assigned and pocket the proceeds, he is liable; if he acted in complicity with the fraud, he is, of course, liable.

APPEAL from the Superior Court of the City of San Francisco.

The plaintiff, Henry Baker, filed his original bill against Abraham Bartol, setting forth that the plaintiff was the owner and holder of three promissory notes, made by D. Cronin and L. Markley, doing business, when said notes were made, as Cronin & Markley, to W. K. Pendleton, and by him sold and endorsed to plaintiff, which notes were secured by mortgage on certain land in San Francisco, much below in value the sum due on said notes. That Cronin & Markley had made an assignment to Bartol for the benefit of their creditors, and that Bartol had a large

sum of money in his hands as assignee, for the payment of the debts of Cronin & Markley.

The bill sets forth grounds for an injunction and receiver, for which it prays.   The Court granted the injunction, and sustained the prayer for a receiver, unless the defendant should file a bond for the safe keeping of the fund ; which he subsequently did.

Subsequently, the plaintiff filed a supplemental bill, under leave of Court, averring that since the filing of the original bill, plaintiff had prosecuted his claim against Cronin & Markley to judgment and fore-closure ; that the mortgaged premises had been sold under the decree obtained by plaintiff, and had realized but a small portion of plaintiff's judgment, the greater portion of which still remained unpaid.   It also avers that since the filing of the original bill, the plaintiff had discovered that the assignment of Cronin & Markley to Bartol was fraudulent, and made with the intent to defeat the rights of creditors, and prays that the assignment be set aside and declared void, and that plaintiff be paid the amount due on his judgment from the fund in the hands of Bartol.

The defendant demurred to the supplemental complaint, one ground of demurrer being that Cronin & Markley should have been made par-ties.   The plaintiff afterwards, by consent, amended his supplemental bill, making Cronin & Markley parties.   None of the other creditors of Cronin & Markley were made parties.   The Court below found that the plaintiff, at the time of the commencement of this action, was a creditor of Cronin & Markley, and as such was, and is, one of the beneficiaries in the said trust, and that Bartol had received under said assignment sufficient to pay plaintiff's demand after satisfying all other claims and liens thereon ; and gave judgment in favor of plaintiff, that the defend-ant, Bartol, pay plaintiff, out of the trust fund in his hands, the sum of $19,925 67.   Defendant, Bartol, appealed.

*Channing G. Fenner* for Appellant.

1. It is a rule of this Court, too frequently laid down to need the cita-tion of any particular authority, that in equity cases the Court will examine and review the cause upon the pleadings and evidence, as fully as if the same were originally on trial before it,

2. In the original bill, the plaintiff sets up the assignment, and claims to be beneficially interested therein as one of the creditors of the assign-ors, and prays that the Court decree him his *pro rata* share ; there were two things to be inquired into under the decree formed upon the bill, viz. : the number of creditors of the assignors, the amount due to each, and the amount of trust funds in the hands of the assignee.

3. The second or supplemental bill, as it is called, sets out a new and distinct cause of action, to wit : that the assignment from " Cronin & Markley" to Bartol, was fraudulent, and prays that the same may be so adjudged.

This bill, being entirely original in its character, was demurrable.

The matters set up and rights claimed in the two bills are entirely in opposition to each other : the one bill is not a supplement to the other,

going to support it, disclosing new facts, etc., but goes directly to defeat it. Therefore, the two cannot stand as the plaintiff's bill in the action; one or the other must be abandoned. Proofs cannot be taken under both of them.

4. To prove that the plaintiff cannot have the benefit of these two bills, but must confine himself to one of them, and that the original: in the original bill he claims but a share with the other creditors, and prays that the Court may ascertain what such share may be and decree payment thereof; in the second bill he claims for his own benefit solely, to the utter exclusion of all creditors; therefore the suits are not the same, because the parties are not the same, the rights are not the same, nor is the cause of action the same. We had a full and ample remedy at law, under proceedings supplemental to the execution on his judgment against "Cronin & Markley." If he considered he was the fraudulent assignee or vendee of Cronin & Markley's goods, etc., he could have examined Bartol, and should have done so.

5. In looking at the evidence and the decree, we are bound to presume that the Court wholly disregarded the supplemental bill. The decree sustains the assignment, and finds sufficient in Bartol's hands to the full amount of plaintiff's demand. The decree sustaining the assignment, the evidence must be considered as referring to the first bill, and was so viewed by the Court.

*Williams, Shafter and Park,* for Respondent.

The first error assigned, is assigned not upon the original bill, but upon the supplemental bill as amended—and,

1. The propriety of the supplemental bill being allowed, is not within the scope of the alleged error; and if it be, still in that behalf the Court did not exceed its jurisdiction. As in 4 J. Ch., 679, the question now is, "Does the plaintiff by his bill entitle himself to the relief sought?"

2. By the supplemental bill, the whole ground of the equitable proposition is covered—judgment, execution, and return of *nulla bona.*

The second error assigned is that "the proper parties were not before the Court and in a position to have their respective rights passed upon."

The defect is that the other creditors should have joined as plaintiffs. But this supposed defect should have been taken advantage of by demurrer or plea. P. Act, § 45.

The trust we seek to enforce is not the trust under the written assignment, but a trust forced upon the conscience of the party, on the ground that the written asssignment was fraudulent. And however it may be true with regard to honest express trusts, declared in favor of all the creditors, still in a trust *in invitum* like this, the creditor first filing his bill is entitled to priority. This distinction is recognized in 4 Page, 23, Wakeman *v.* Grover *et als. ;* 4 Barb. S. C., 233, Russel *v.* Lasker; 23 Pick., 523, Bryant *v.* Russell; Wright, (Ohio,) 247, Atkinson *v.* Jordan.

But if the other creditors should have been made parties, the defect may be corrected by amendment. 13 Vt., 397, Good *v.* Blewitt; 1 Hoff. Ch. R., 316; 23 Maine, 29, Houghton *v.* Davis; P. Act, § 17;

or by saving their rights and directing them to be secured by an adequate bond.   Sto. Eq. Pl., § 106.

Mr. Justice HEYDENFELDT delivered the opinion of the Court.   Mr. Justice TERRY concurred.

The first point made in this case is upon the pleadings.   The complainant commenced his suit to enforce the trust created by the assignment, in his favor, as a simple contract creditor.   Supposing the conduct of the parties to have been fair, he ascertains a certain amount of trust funds in the hands of the assignee, and therefore files a creditor's bill to obtain a distribution.   In such a case, it was not necessary that he should have been a judgment creditor, no more than it is to be a judgment creditor before filing a bill to foreclose a mortgage; and because a specific sum or property is dedicated to the payment of the debt, and he is entitled to that by contract, and to seek it in the only form he can obtain it, even if he could, after judgment at law, have obtained satisfaction by levy and sale of other property, under execution ; for it would then be simply the case of having two remedies instead of one.

The supplemental bill was filed after he became a judgment creditor. This attacks the assignment for fraud, and prays that it may be set aside ; ascertains a large amount of the assigned property which went into the hands of the assignee, seeks satisfaction out of it as an equitable fund, and prays the payment of the whole debt.

It is objected to this, that it changes the character of the original bill, prays for a different relief, and fails to bring in all the creditors, who, as is urged in the defence, are entitled to ratable distribution.

It is true that in some aspects, the character of the case is altered by the supplemental bill, and so it must be in every case where an amended or supplemental bill is filed.   Every additional and pertinent fact either enlarges or limits the right to relief, or affects the nature of it ; but there is no such change effected here as makes the case objectionable to the charge of multifariousness.   The subject matter which is the *gravamen* of both bills, is the debt due to the plaintiff, and the trust fund, out of which he seeks payment; and the only difference between the two is that in the first he thought the transaction fair, and then only asked a distributive share, while in the latter he has discovered that the assignment being fraudulent, he has no right to claim under it, but must seek satisfaction out of the property in the hands of the assignee, as an open, equitable fund, liable to be attached by any creditor.   Nor was he obliged to have the other creditors brought in to share with them the fruits of his superior diligence.   *Prior in tempore, potior est in jure.*

It is urged, however, on behalf of Bartol, the assignee, that the facts do not convict him of being a participant in the fraud of his assignors. This may be true, and yet will not relieve him from liability.   He received, it appears, thirty or forty thousand dollars of the goods of the assignors for the benefit of their creditors.   If he supposed the assignment to be valid, and was not himself a party to the fraud with which it appears that instrument was infected, then he is liable for the mis-

placed confidence and negligence in allowing his assignors to be his agents, and to sell the goods and pocket the proceeds under his very eyes. His duty was to husband and protect the assigned estate, and administer it fairly and faithfully, in the spirit of honesty with which he undertook the charge. If, on the other hand, he was in complicity with the fraudulent conduct of his assignors, engaged with them and aiding them as an instrument to defeat the just rights of their creditors, and to make them the beneficiaries of the fund by a process of dealing which is undistinguishable from larceny, then the question of his liability requires no argument whatever.

In whatever light, therefore, we regard this case, aside from some technical informalities which require no consideration, the decree of the Court below is substantially correct, and is affirmed.