## W. S. HOBART, Respondent, *v.* PATRICK FORD, Appellant.

Act of Congress as to Water Rights over Public Land. The Act of Congress (14 Statutes at Large, 253, Sec. 9) gives—as clearly as Acts of Congress usually express their objects—a right of way over public lands to all who may desire to construct ditches or canals for mining or agricultural purposes.

Right Under Law other than Law Specially Relied On. Where a plaintiff attempted to construct a flume for mining purposes over certain public land, and being prevented by the person in possession, brought an injunction suit to prevent such person's further resistance: *Held*, that though plaintiff claimed the right of way to construct his flume under the State law, he was not by such claim prevented from relying also upon the Act of Congress giving such right, the facts pleaded being sufficient to bring him within the Act.

RIGHT OF WAY OVER PUBLIC LAND WITHOUT COMPENSATION. Under the Act of Congress giving the right of way over public land for mining or agricultural ditches or canals, (14 Statutes at Large, 253, Sec. 9) there is no question of taking private property either for public or private use—the land being public land the Government has the absolute control over it.

DISCRETION IN GRANTING PRELIMINARY INJUNCTIONS—PRACTICE ON APPEAL. The granting of a preliminary injunction by a District Court is very much a matter of discretion, and when it is granted on a complaint exhibiting a *prima facie* case, and there is no answer put in, and no showing made that any defense on the merits exists, the order will not be disturbed.

APPEAL from the District Court of the First Judicial District, Storey County.

It appears from the complaint that the plaintiff in constructing the " Seven-Mile Cañon Flume," from near the Mariposa quartz mill in Storey County to certain points in Lyon County, found it necessary to carry it over certain public land, near Booth's quartz mill in Storey County, in the possession of the defendant; that he proceeded under the State law to condemn the right of way, and had appraisers appointed, who valued it at $500 ; that he had tendered that sum to defendant, who refused to accept it; and that after such tender plaintiff attempted to carry forward his work, but was prevented by defendant. The plaintiff therefore prayed for an injunction, restraining the defendant from further interfering with the work.

The Court below, after hearing testimony, ordered a preliminary injunction to issue, and it is from that order that this appeal by defendant is taken.

*R. S. Mesick* and *Williams & Bixler*, for Appellant.

I.   The injunction should not have been granted, because plaintiff never had possession, and the effect of the order is to transfer possession without trial of the right. (*Bensley* v. *Mountain Lake Water Co.*, 13 Cal. 313 ; *Decklyn* v. *Davis*, Hopkins' Ch. 135 ; *Lansing* v. *North River Steamboat Co.*, 7 Johns' Ch. 162 ; Hilliard on Injunctions, 294, 303.)

II.   The Statute of 1866 purports to confer the right of taking private property for private uses, and is therefore unconstitutional.

The use actually intended to be made of the easement or ground claimed is in no sense a public one. (*Gibson* v. *Mason,* 5 Nev. 283 ; *Gillan* v. *Hutchinson,* 16 Cal. 155 ; *Gilmer* v. *Lime Point,* 18 Cal. 251 ; *Bloodgood* v. *Mohawk R. R. Co.,* 18 Wend. 13 ; *Taylor* v. *Porter,* 4 Hill, 143 ; *Embury* v. *Connor,* 3 Comst. 516.)

III.    Plaintiff is not helped by section nine of the Act of Congress, because as his complaint predicates his right solely upon the State statute, he is precluded from claiming under any other source of title.    Not having pleaded the Act or any right derived under it, he cannot excuse himself for doing what would otherwise be a plain trespass.    Nor has he brought himself within the provisions of that Act.    (*Dye* v. *Dye,* 11 Cal. 163 ; *Zabriskie Land Laws,* 241 ; *Lentz* v. *Victor,* 17 Cal. 274 ; *American Co.* v. *Bradford,* 27 Cal. 367 ; 35 Cal. 441 ; *Boyce* v. *Boyce,* 7 Barb. 88 ; 1 Chitty Pl., 501, 371 ; 15 Wend. 338 ; 1 Cow. 239.)

*Hillyer, Wood & Deal,* for Respondent.

I.    The right of way for the construction is given by the Act of Congress.    The intention is manifest.    Appropriations of water are first protected.    The right of way is there given for constructing the artifical conduits through which the water is conducted for mining, agricultural, manufacturing and other purposes.    And the proviso makes it certain that this is a grant for future constructions as well as a confirmation of past, and allows the settler to collect damages because he is being deprived by the law of the power to prevent the construction.

II.    Plaintiff also complied with the provisions of the State Act of 1866.    This Act is constitutional, and will be presumed so until the contrary is clearly shown.    (*Gibson* v. *Mason,* 5 Nev. 283 ; Sedgwick on Con. Law, 482.)    It is the exclusive province of the Legislature to determine whether a use which may be beneficial to the public is so far public as to authorize private property to be taken.    (Sedgwick on Con. Law, 512 ; 4 Pick. 463 ; 24 Barb. 665 ; 7 Greenleaf, 292.)

In a State like ours, the diversion of water from its natural channel and its distribution over the country for mining, irrigation, man-

ufacturing and milling, is an imperious public necessity, and the taking of private property to effect this is a taking for public use within the meaning of that term as used in the Constitution. ( *Gibson* v. *Mason,* 5 Nev. 283 ; 12 Pick. 467 ; 8 Blackford, 266 ; 19 Barbour, 166 ; 3 Paige's Ch. 71.)

III.   Plaintiff's right is a right to an easement, and an obstruction of such a right will be prevented by injunction.   (2 Metcalf's Ky. 98.)

By the Court, LEWIS, C. J. :

" Sec. 9. *And be it further enacted,* that whenever by priority of possession, rights to the use of water for mining, agricultural, manufacturing, or other purposes have vested and accrued, that the same are recognized and acknowledged by the local customs, laws and the decisions of the Courts, the possessors and owners of such vested rights shall be maintained and protected in the same, and the right of way for the construction of ditches and canals, for the purposes aforesaid, is hereby acknowledged and confirmed : *Provided, however,* that whenever after the passage of this Act any person or persons shall in the construction of any ditch or canal, injure or damage the possession of any settler on the public domain, the party committing such injury or damage shall be liable to the party injured for such injury or damage."

This section, which by its turbid style and grammatical solecisms, more surely than by the enacting clause of the Act, is shown to be a production of Congress, may be found on page 253, Vol. 14, of the Statutes at Large.

In its adoption there appear to have been three distinct objects in view : first, the confirmation of all existing water rights ; second, to grant the right of way over the public land to persons desiring to construct flumes or canals for mining or manufacturing purposes ; and third, to authorize the recovery of damage by settlers on such land against persons constructing such ditches or canals for injuries occasioned thereby.   That this section grants the right of way over the public land to all who may desire to construct ditches or canals for mining or agricultural purposes, is about as clear and

certain as the objects and purposes of the Acts of Congress usually are. · It is true, the most apt words to indicate this purpose are not employed. That could scarcely be expected ; but the right of way for the construction being " acknowledged " and confirmed indicates the grant of a new right, rather than the confirmation of an old one, enjoyed at the time of the passage of the Act. The confirmation or recognition of existing rights seems to be the object sought to be accomplished by the first clause of the section : to hold that the second clause simply reiterates the same thing might be warranted by the practice of Congress, but not by the rules of construction which must govern the Courts in the interpretation of all laws. Again, the last provision of the section strengthens the view that such right of way is granted, for it authorizes the recovery of damages by the settlers on the public land for injuries resulting from the construction of ditches and canals *after the passage of the Act.*

It is argued, however, that the privilege thus granted is not available in this case, because :

1st. The plaintiff pleads and relies on a statute of this State for the right claimed by him, and :

2d. Sufficient facts are not alleged to bring him within the Act of Congress.

Undoubtedly, the plaintiff claims the right to construct his flume from the law of 1866 enacted by the State Legislature, and pleads all the facts necessary to bring him within its provisions : so also all the facts necessary to bring him within the Act of Congress are pleaded. Under that Act, as we understand it, nothing is necessary to be shown except that the construction of a canal or ditch is desired for some mining or agricultural purpose, and that the land over which it is to be constructed is public. These facts are shown in the complaint alleging the building of the ditch or flume for certain mining purposes, that the land claimed by the defendant is public land, that it is necessary to construct the ditch over it ; and that he unlawfully obstructs and prevents its construction over the premises claimed by him. Surely, nothing further is required. All the facts necessary to bring him within either law being pleaded, there appears to be no better reason for holding that he is confined

to the rights given under the State law than that he is to those granted by the Act of Congress. Being public laws, it was not necessary to refer to either of them, but only to plead the facts. This is done, and therefore the plaintiff is entitled to the rights given by either. There is not under this law any question of taking private property either for a public or private use. The land claimed by Ford is public land, over which the General Government has absolute control. It has, as we interpret this law, authorized any person wishing to construct a canal or ditch for mining or agricultural purposes to construct it over any public land; this claimed by Ford being public, the plaintiff has the right to pass over it with his flume.

It is not the intention here to determine whether the plaintiff has the right to divert the water or tailings from the defendant's premises. He has not answered, nor is it shown that he has the right to the water or tailings claimed by him as against the plaintiff. If he has not, then certainly the plaintiff has not only the right to construct his flume, but also to divert the water and tailings. If however, on the other hand, the defendant has the better right, then as a matter of course the plaintiff could have no right to cause the diversion of water from him. This is a question not determined in this proceeding; but the plaintiff seems to have made out a *prima facie* case by his complaint and upon the hearing of the application, to entitle him to the order made in his favor. At least, as the granting of these preliminary orders rests very much in the discretion of the Court below, we would not feel authorized in reversing its action upon the showing made, especially as no answer is filed, and it is not known that any defense to the merits exists.

If Ford had the title to the land here in question, we are inclined to believe with counsel that an order of this kind, which in effect places the plaintiff in possession of a portion of it, ought not to be granted, for it would be ejecting the owner before the trial of the right. Here however, it is admitted that the land is public; that being the case, Congress had a perfect right to grant the right of way over it : having done so, Ford has no more right to complain than a person who had never been in the possession.

Entertaining these views, we do not feel justified in reversing the preliminary injunction granted by the Judge below; it is therefore affirmed.

JOHNSON, J., did not participate in the foregoing decision.