[18075. Department One.—May 18, 1893.]

HENRY JACOB, RESPONDENT, *v.* HENRY LORENZ ET AL., APPELLANTS.

WATER RIGHTS—PROTECTION OF VESTED RIGHTS—PROSPECTIVE CONSTRUCTION —ACT OF CONGRESS—DITCH ACROSS MINE—RESERVATION IN PATENT.— The act of Congress of July 26, 1866, protected water and ditch rights which have vested and accrued since as well as before its passage; and the owner of a ditch which crosses mineral land subsequently patented, and the patent for which reserves the water rights and ditches mentioned in section 2339 of the Revised Statutes of the United States, is protected as to such ditch by sections 2339 and 2340 of such Revised Statutes.

ID.—INJUNCTION—WASHING AWAY OF DITCH—PLEADING—SURPLUSAGE—SHOW-ING OF VESTED RIGHT.—The complaint in an action to enjoin the owners of a mineral patent from injuring or washing away the east branch of a ditch owned by the plaintiff, which crosses the mine, and which was constructed prior to the patent, does not state more than one cause of action, because of surplusage in unnecessarily describing such branch as connected with another ditch and a reservoir used by the plaintiff in working his mines, and the ditches as forming one complete system; nor is it insufficient in not alleging "that plaintiff owned a vested and accrued water right appurtenant to the ditch," when facts are alleged which show that he had such vested right.

ID. — LOCATION OF MINE — RELATION OF PATENT — PRIORITY OF DITCH. — A mineral patent relates to the location, which is the inception of the title perfected by the patent, but not to any prior location not appearing in the claim of title resulting in the patent; and where the title to the mine was based upon a survey and location made subsequent to the plaintiff's ditch, the use of which across the mine was permitted without objection for eighteen years before suit, it is immaterial whether there had been prior locations of the mine.

ID. — SUPPLEMENTAL COMPLAINT — DESTRUCTION OF DITCH PENDING SUIT — DAMAGES. — Where the owner of such mineral patent has washed away a great portion of the ditch pending the suit to enjoin such action, the ditch-owner may by supplemental complaint claim damages for the portion washed away, and seek an injunction to restrain further injury to the ditch.

ID. — DISCRETION AS TO SUPPLEMENTAL COMPLAINT — SUBSTITUTION OF NEW CAUSE OF ACTION — ADDITIONAL RELIEF. — Permission to file a supplemental complaint is in the discretion of the court, though such discretion is not arbitrary, and is limited so as not to allow the substitution of a new and independent cause of action by way of supplemental complaint; but it is no objection to a supplemental complaint that different or additional relief is asked for.

ID. — JOINDER OF CAUSES OF ACTION — DAMAGES AND INJUNCTION — SEPARATE STATEMENT. — A cause of action for damages for a trespass, and a cause of action for an injunction to restrain further or additional trespass threatened to be committed upon the same property, may be joined; and the objection that they are not separately stated cannot be reached by demurrer on that ground, but only by motion, unless the complaint is thereby made ambiguous, unintelligible, or uncertain.

ID. — PLEADING SPECIAL DAMAGES — DEMURRER FOR MISJOINDER. — Although special damages to each particular part of plaintiff's property, or by depreciation of the value of his mines, caused by the destruction of his ditch, must be specially pleaded in order to be recovered, yet the failure to allege such special damages is not ground for demurrer for misjoinder of causes of action, and that the damages are not apportioned and separately stated.

ID. — BENEFICIAL USE OF DESTROYED DITCH. — References in the complaint to the mines and reservoir of plaintiff, though not sufficient to show special damages, are proper and pertinent under the general allegation of damage to show the permanent use and value of the ditch destroyed.

ID. — EVIDENCE — OWNERSHIP OF MINES — PART OWNERSHIP — DATE IMMATERIAL. — Upon the issue of damages caused by the destruction of his ditch, plaintiff may prove his ownership of mines and mineral entries to show the use to which the water could be applied; and the fact that he was only part owner of some of the mines does not affect the admissibility of the proof, and the date at which plaintiff acquired title to the several parcels of mining property is wholly immaterial.

ID. — SURFACE WATER SUPPLYING DITCH — VALUE OF DITCH — PROOF OF LOSS. — Though surface water from rains and melting snow is not the subject of appropriation, yet, to the extent to which it adds to the quantity of water received into a ditch, adds to the value of the ditch, and its loss may be shown as an item of injury caused by the destruction of the ditch.

ID. — DATE OF ACQUISITION OF WATER RIGHT. — Where it appears that the title to the water of which plaintiff was deprived by the destruction of his ditch antedated the rights of the owners of the mineral land crossed by the ditch, it is not material that the water right was conveyed to plaintiff subsequent to the date of the patent.

ID. — RELATION OF WATER RIGHT TO DITCH — CHANGE OF DIVERSION AND USE. — A water right need not be appurtenant to any particular ditch. The water right is the principal thing, and may be used through any ditch, and the place of diversion and use, or of the purpose to which the use may be applied, may be changed.

ID.—INJURY BY CHANGE—MATTER OF DEFENSE.—The restriction imposed by section 1412 of the Civil Code against a change of place of diversion, where others are injured by the change, is matter of defense in an action brought by one who has made such change.

ID.—CHANGE BY OWNER OF PRIOR RIGHT.—The change of place of diversion by one who has the first right on a stream to a fixed quantity of water cannot injure a subsequent appropriator, whether his ditch is above or below the ditch of the prior appropriator.

ID.—AMOUNT OF DAMAGES—CONFLICTING EVIDENCE—REVIEW UPON APPEAL.— Where the evidence is conflicting both as to the amount of damages sustained by the destruction of plaintiff's ditch, and as to the grounds upon which the damage should be estimated, and the amount awarded is fully justified by some of the evidence, upon grounds to which no exception could properly be taken, the finding of the court as to the amount of damages will not be set aside upon appeal.

Appeal from a judgment of the Superior Court of Trinity County, and from an order denying a new trial.

The facts are stated in the opinion.

*James W. Bartlett,* for Appellants.

*John W. Turner,* for Respondent.

HAYNES, C.—This action was originally brought by the plaintiff to enjoin the defendants, who are owners of the Mammoth placer mine, and who are working the same by hydraulic process, from injuring or washing away a certain water ditch known as the east branch of the Jacob ditch, owned by plaintiff, and which crosses defendants' mine.

Several ditches, among them the Jacob ditch and the Butcher ditch, take water from Connor's Creek. Plaintiff acquired the ownership of the Butcher ditch in 1863, and commenced the construction of the Jacob ditch in 1868, and completed the east branch and turned water into it in October, 1870. This east branch of the Jacob ditch connects with and conveys water into the lower part of the Butcher ditch and to a reservoir used by plaintiff in working a mine. The amended complaint alleged the ownership and right to the twenty inches of the "first flow" of the waters of Connor's Creek through the Jacob ditch and branches, that a portion of this water had been used through this ditch since 1868, and later all of it, and that the ditches above named "united formed one complete system."

It was further alleged that at the time said east branch was constructed the ground over which it passed was vacant and unappropriated mineral land of the United States, but which was afterwards, on December 31, 1877, patented to defendants; that the patent reserved the water rights and ditches mentioned in section 2339 of the United States Revised Statutes; that plaintiff had a prior vested right of way for the same; that defendants denied his title to said ditch and water, and had washed away the earth to within eighty feet of his ditch, and threatened and intended to wash away and destroy the same, and prayed for a perpetual injunction.

Defendants' demurrer to this complaint was overruled, and this ruling is assigned as error. But one cause of action is stated in the complaint. The Butcher ditch was doubtless mentioned because of its relation to the east branch of the Jacob ditch. Some, if not all of these allegations, were not material, but surplusage does not vitiate. As to a further ground of demurrer appellants contend that sufficient facts are not stated because the complaint does not allege "that plaintiff owned a vested and accrued water right appurtenant to the Jacob ditch, or that he did in 1868 or in 1870."

It is not necessary to use the language of the act of Congress. Facts are alleged which show that he had such vested right; whether this right must be appurtenant to a particular ditch will be noticed hereafter.

As to the date at which the right must have accrued, defendants contend that the right must have vested and accrued prior to the passage of the act of Congress of July 25, 1866, and that only water and ditch rights which had accrued and vested prior to that act are protected by sections 2339 and 2340 of the Revised Statutes.

Such contention cannot be sustained. Section 9 of the act of July, 1866 (14 U. S. Stats. 253), after acknowledging and confirming water and ditch rights then existing, contains the following proviso: "Provided, however, that whenever *after the passage of this act* any person or persons shall in the *construction* of any ditch or canal injure or damage the possession of any settler on the public domain, the party committing such injury or damage shall be liable to the party injured for such injury

or damage." Any doubt which may have existed as to the meaning of the act of 1866 was removed by the amendatory act of July 9, 1870 (16 U. S. Stats., sec. 17, p. 218), which provided that "all patents granted, or pre-emptions or home-steads allowed, shall be subject to any vested and accrued water rights, or rights to ditches and reservoirs used in connection with such water rights, as may have been *acquired under* or *recognized by* the ninth section of the act of which this is amendatory." That *Jennison* v. *Kirk,* 98 U. S. 453, cited by appellants, does not sustain their contention is apparent from the fact that the ditch there in controversy was constructed in 1873, and its validity was not questioned except as to a conflict with an older ditch. The language used in the opinion in *Broder* v. *Water Co.,* 101 U. S. 274, also cited by appellants, would appear to support their contention, but the question here raised was not before the court. The ditch there in question was completed in 1853, and the opinion must be read in the light of that fact. The case of *Van Sickle* v. *Haines,* 7 Nev. 249, also arose before the act of 1866, and was not applicable to the question here. Lewis, C. J., who wrote the opinion in *Van Sickle* v. *Haines,* also wrote the opinion in *Hobart* v. *Ford,* 6 Nev. 77; in construing section 9 of the act of 1866, the court said: " In its adoption there appears to have been three distinct objects in view : 1. The confirmation of all existing water rights. 2. To grant the right of way over the public land to all who may desire to construct flumes or canals for mining or manufactur-ing purposes; and 3. To authorize the recovery of damages by settlers on such land," etc. (See also *Barnes* v. *Sabron,* 10 Nev. 217.)

The demurrer to the amended complaint was properly over-ruled.

Defendants then answered denying specifically the allega-tions of the complaint, and for a further and separate answer alleged: "That since the commencement of this action the defendants, in the ordinary course and manner of working the Mammoth placer mine by the hydraulic process, have mined and washed away about seventy feet of the ditch described in the complaint as the east branch of the Jacob ditch; that it is destroyed and cannot be specifically replaced."

Plaintiff thereupon, by leave of court, filed a supplemental complaint, alleging the facts stated in defendants' additional answer above quoted, and further alleging that it was done wrongfully and maliciously and with intent to destroy said ditch, and that he was thereby damaged in the sum of five thousand dollars.

Defendants moved to strike out the supplemental complaint and also demurred thereto. An amended supplemental complaint was afterwards regularly filed, alleging more fully the damage sustained, and that at that time defendants had washed away six hundred and twenty-seven feet of his ditch, and prayed as before for a judgment for damages, and an injunction to restrain further injury to his ditch, and for general relief.

The motion being denied, and the demurrer overruled, these rulings are assigned as error and present the most important questions in the case.

1. The motion to strike out was properly denied. Permission to file a supplemental complaint is in the discretion of the court. (Code Civ. Proc., sec. 464; *Harding* v. *Minear*, 54 Cal. 504; *Greenwood* v. *Adams*, 80 Cal. 77.) This discretion, however, is not an arbitrary one. In *Gleason* v. *Gleason*, 54 Cal. 135, it was said that, as a general rule, the right to file a supplemental complaint can be exercised only with reference to matters which may be consistent with and in aid of the case made by the original complaint, and it is not allowable to substitute a new and independent cause of action by way of a supplemental complaint. But the court violated none of these limitations upon its discretion. Plaintiff came into a court of equity seeking only preventive relief. His property had not been invaded, and he could then have only preventive relief. He alleged that defendants threatened and intended to destroy his ditch and deprive him of the substance of his property. They did not deny that they threatened and intended to destroy plaintiff's ditch, but defiantly answered that since the commencement of the suit they had executed their threats, had destroyed the ditch, that it could not be specifically replaced, and upon that ground, as a separate defense, asked a court of equity that plaintiff take nothing by his action, and that they recover

costs. Assuming plaintiff's ownership of the ditch, preventive relief was not all that he was then entitled to. He had suffered damage. The facts alleged in his complaint showing his ownership and title were appropriate to an action for damages, and he was still entitled to an injunction to restrain further injury. The jurisdiction of a court of equity had been properly invoked and acquired. The defendants by their own act made different or additional relief necessary. The subject of the action was plaintiff's property and his right to convey water in his ditch across defendants' mine. That *right* was not destroyed and was still the subject to litigation. Damages for the injury to that property — the ditch — was incident to that right and consistent with it. It was not an "independent cause of action." It does not appear but that a new ditch might then have been dug around the part washed away, or that a flume or pipe might not have been used to cross the break. It is no objection to a supplemental complaint that different or additional relief is asked for. (*Baker* v. *Bartol*, 6 Cal. 483.) Indeed, the object of the supplemental complaint is to obtain additional or different relief without resort to a new trial. Not only did the court not err in refusing to strike out the supplemental complaint, but appellants should not be heard to complain that their efforts to defeat plaintiff's action by making the relief he sought inadequate had not proved successful.

2. The demurrer was upon several grounds. The first and second grounds need not be noticed. The third ground is that there is a misjoinder of causes of action, and that they are not separately stated.

Treating it as two causes of action, it is too well settled to require discussion that a cause of action for damages for a trespass, and a cause of action for injunction to restrain further or additional trespass threatened to be committed upon the same property, may be joined. The objection that they are not separately stated cannot be reached by a demurrer upon that ground. It can only be reached by motion, unless the failure to state them separately renders the complaint ambiguous, unintelligible, or uncertain. That ground was also assigned, but I think the objection was not well taken.

Several other objections are urged under this head, the chief

of which is that the complaint does not apportion the damages, or state how much each particular mine or other property owned by plaintiff was damaged by the destruction of the ditch.    It is true that damages, which, though the natural, are not the necessary consequence of defendants' acts, are special, and should be specially alleged.    But the references in the complaint, amended and supplemental, to the mines and reservoir of the plaintiff, and the use to which he applied the water conveyed through the ditch, were pertinent for the purpose of showing the permanent and continued use and value of the ditch.    If there were no useful purposes to which plaintiff could apply the water, or if the use were but a temporary one, it is manifest that the value of the ditch would be greatly diminished. Plaintiff's failure to allege special damage by the depreciation of the value of his mines, could not make his complaint obnoxious to this form of demurrer; it simply eliminated the question of special damages from the case, but left the allegations pertinent for the purpose of showing a useful and continued purpose to which the water could be applied, for without such showing he could not recover more than nominal damages. The demurrer was properly overruled.

Defendants' answer put in issue all the material allegations of the complaint, and the cause was tried by the court without a jury, and resulted in findings and judgment for the plaintiff for six hundred and fifty dollars damages; but the injunction was denied.   In their motion for new trial defendants specify numerous errors of law, and many particulars in which they claim the findings are not justified by the evidence.

The several deeds and receiver's receipts for mineral entries, offered by plaintiff, were properly received to show ownership in the plaintiff, and a use to which the water was and could be applied.   That as to some of these parcels he was not the sole owner did not affect their admissibility.   The objection to the deed of Barthol Jacob and wife, on the ground that it was defectively executed by the wife, is without merit.

It is not perceived why surface water from rains and melting snow, which naturally drained into this ditch (though not the subject of appropriation), to the extent to which it adds to the quantity of water which was received into the ditch from Con-

nor's Creek, does not add to the value of the ditch, nor why its loss does not cause injury. Defendants' motion for a nonsuit was properly denied.

Two points specially are urged in support of this motion:—

1. That a part of the Mammoth mine was located before the ditch was constructed. That there had been some prior locations covering a portion of the Mammoth mine, made or attempted, appears in the evidence. Defendants' title to the mine was not, however, connected with any prior location, but was based upon a survey and location made after the ditch was constructed. Whilst the patent relates back to the location, it only relates to the location which is the inception of the title perfected by the patent, and not to any prior location which does not appear in the chain of title resulting in the patent. It is therefore immaterial whether there had been prior locations; and, besides, the use of the ditch had been permitted without objection up to about the time this action was commenced, a period of nearly eighteen years.

2. It is urged that plaintiff's right to the twenty inches of water was not appurtenant to the Jacob ditch.

It is not disputed that plaintiff owned the right to that quantity of water to be diverted from Connor's Creek. It is immaterial in what ditch this water was taken when he acquired the right. The place of diversion, or of use, or of the purpose to which the use was applied, could be changed. (Civ. Code, sec. 1412; *Ramelli* v. *Irish*, 96 Cal. 217.) The restriction imposed by section 1412 of the Civil Code is matter of defense, and defendants could not be injured by its being taken in a ditch above theirs, it being the first right on the stream, as in any event it could not be taken in their ditch, and therefore did not diminish the water to which they were entitled. The testimony of the witness Schoppi, that plaintiff by taking these twenty inches in the Jacob ditch left that much less to come to defendants' ditch below, does not tend to show injury, for if plaintiff's ditch were below, they would be required to let that amount pass and reach plaintiff's ditch. Appellants' contention that the water right must be appurtenant to a certain ditch is not sound. The water right is the principal thing, and if either is appurtenant to the other, the ditch is appurtenant to the water

right, and as the water may be used through any ditch the question becomes unimportant.

3. The date at which plaintiff acquired title to the several parcels of mining property is wholly immaterial, nor was it material that plaintiff's title to the twenty inches of water was not conveyed to him until 1887. Title to this water originated prior to June 8, 1852, and it could not affect defendants' liability whether they were the owners, though without legal title, or were the lessees of the water right, or conveyed it in their ditch for the owner prior to 1887.

4. The evidence as to the amount of damages sustained by plaintiff was conflicting, both as to the amount and the grounds upon which it should be estimated; but the finding placing plaintiff's damages at six hundred and fifty dollars is fully justified by the evidence upon grounds to which no exception could properly be taken. There was evidence tending to show that the market value of the ditch was two thousand dollars, and that its rental value was one hundred and twenty-five dollars per annum. While defendants' testimony tended to show very little injury, as there was an unauthorized invasion of plaintiff's property, he was entitled to some damages, and as the court could have found upon unobjectionable testimony the amount awarded, we are not justified in holding that this finding is not justified by the evidence.

Other questions are made upon the introduction of evidence and as to other findings, which need not be specially noticed. We have examined each of them and find no material error prejudicial to defendants. The right of the plaintiff is clear, and we see no ground upon which a judgment for defendants could be properly based, and advise that the judgment and order appealed from be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

GAROUTTE, J., HARRISON, J., McFARLAND, J.