[No. 18130. In Bank.—March 29, 1894.]

## J. J. EVANS, RESPONDENT, v. TIMOTHY PAIGE, APPELLANT.

APPEAL—REVIEW OF ORDER DENYING NEW TRIAL.—Upon appeal from an order denying a new trial, questions relating to the sufficiency of the complaint cannot be reviewed or considered by the appellate court.

ID.—MOTION FOR JUDGMENT UPON PLEADINGS—GENERAL DEMURRER.—A motion by a defendant for a judgment upon the pleadings is in effect nothing more than a demurrer to the complaint upon the general ground that it does not state facts sufficient to constitute a cause of action, and the ruling thereon can only be reviewed upon an appeal from the judgment.

APPEAL from an order of the Superior Court of Fresno County denying a new trial.

The facts are stated in the opinion of the court.

*Pringle, Hayne & Boyd,* and *E. W. McKinstry,* for Appellant.

The contention that errors of the court in denying the judgment upon the pleadings cannot arise except upon appeal from the judgment is without merit, as the motion is, in effect, an objection to the introduction of any evidence on the ground that the complaint fails to state a cause of action. (See *McAbee* v. *Randall,* 41 Cal. 136; *Kelley* v. *Kriess,* 68 Cal. 210.)

*Mesick & Maxwell,* and *Maxwell & McEnerney,* for Respondent.

Questions as to the sufficiency of the complaint cannot arise upon an appeal from an order denying a new

trial. (*Mason* v. *Austin*, 46 Cal. 387; *Brison* v. *Brison*, 90 Cal. 323; *Kelley* v. *Owens*, 30 Pac. Rep. 596–601; *Jacks* v. *Buell*, 47 Cal. 162. See, also, to the same effect, *Spanagel* v. *Dellinger*, 38 Cal. 283; *Wheeler* v. *Kassabaum*, 76 Cal. 90; *Onderdonk* v. *San Francisco*, 75 Cal. 534.)

The COURT.—This is an appeal by the defendant from an order denying his motion for a new trial. In the brief of counsel for appellant it is said that " the main question involved is the validity of an attachment and sale under execution of an equity of redemption or other equitable interest in even numbered sections of land adjoining each other only at the corners, upon only one of which sections was posted the notice required by the statute to be posted upon the land, in the absence of any occupant."

It is also argued that the complaint is defective, because it contains no averment of facts excusing the plaintiff for his failure to make application to have the execution sale set aside, on motion, within the period of six months from the date of the sale.

The questions thus discussed arise upon the face of the complaint, and it is argued that they may be properly considered on this appeal, because the defendant made a motion for judgment upon the pleadings during the progress of the trial, which motion was denied by the court, and excepted to by the defendant. It is claimed that this ruling of the court was an error of law committed during the trial, and properly reviewable upon the motion for a new trial, one of the grounds of the motion being alleged errors of law occurring during the trial; but we do not think so. A motion by a defendant for a judgment upon the pleadings is in fact nothing more than a demurrer to the complaint upon the general ground that it does not state facts sufficient to constitute a cause of action, and presents precisely the same question (*De Toro* v. *Robinson*, 91 Cal. 373), and we are of the opinion that such ruling can only be reviewed upon an appeal from the judgment. The gen-

eral rule is thus stated by the court in *Jacks* v. *Buell*, 47 Cal. 162: " Upon a motion for a new trial, questions respecting the sufficiency of the complaint cannot be presented, for they are not comprehended in the statutory grounds of the motion; and where an appeal is taken, as here, from the order refusing a new trial, and not from the judgment, those questions cannot be considered by this court." To the same effect is *Brison* v. *Brison*, 90 Cal. 323. Nor do we think that the case at bar is taken out of this rule because the motion for the judgment was made during the progress of the trial, and the ruling of the court thereon preserved in the bill of exceptions, and relied upon by the defendant when the motion for a new trial was submitted to the superior court. After all, the question presented only relates to the sufficiency of the complaint, and this objection can be reviewed by us only on an appeal from the judgment.

We do not think the court erred in admitting evidence of the value of the land which is the subject of the action, nor can we say that the findings excepted to are not sustained by the evidence.

Order affirmed.

Rehearing denied.