[Civ. No. 441. First Appellate District.—January 9, 1908.]

GEORGINA H. MELVIN, Respondent v. E. B. & A. L. STONE COMPANY (a Corporation), and E. B. STONE and A. L. STONE, Appellants.

NUISANCE—ACTION TO ENJOIN BLASTING AND USE OF FUEL OIL—PLEADING—DAMAGE FROM FUEL OIL—SUPPLEMENTAL COMPLAINT—DAMAGES FROM BLASTING.—In an action brought to enjoin defendants from blasting near plaintiff's land, so as to deprive it of lateral support, and from operating engines near plaintiff's dwelling with fuel oil, emitting offensive odors and injurious substances, and for damages from such use of fuel oil, where the original complaint alleged no actual damage from blasting, the court properly allowed a supplemental complaint, in aid of the cause of action for further and additional relief, alleging that since the commencement of the action, defendants, by blasting, have damaged, in a certain sum, the walls and ceiling of plaintiff's dwelling, and the furniture and ornaments therein.

ID.—FINDINGS AS TO DAMAGES—BASIS ON PLEADINGS—SUPPORT OF FINDING.—The court in its finding as to damage properly considered the evidence in favor of the damages from blasting alleged in the supplemental complaint, as well as the damages from the use of fuel oil alleged in the original complaint, and it is held that the whole evidence is ample to sustain the amount of damages found by the court.

ID.—INTENDED USE OF NUISANCE—SUPPORT OF FINDING.—The finding
that defendants intend to continue the use of fuel oil in the en-
gines near plaintiff's residence, emitting noxious substances, is
held supported by the evidence, especially in view of the answer
of defendants appearing to insist on their right to use the same.

ID.—ORDER DENYING NEW TRIAL—REVIEW UPON APPEAL—SUFFICIENCY
OF COMPLAINT AND CORRECTNESS OF JUDGMENT NOT CONSIDERED.—
Upon appeal from an order denying a new trial, the sufficiency of
the complaint and the correctness of the judgment in enjoining
certain specified acts cannot be considered. They are reviewable
only upon appeal from the judgment.

APPEAL from an order of the Superior Court of Alameda
County, denying a new trial.    John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Reed, Black & Reed, and B. H. Griffins, for Appellants.

G. R. Lukens, for Respondent.

HALL, J.—This is an appeal from an order denying de-
fendants' motion for a new trial.

The first and probably most important point urged for a re-
versal of the order grows out of the action of the court in
allowing plaintiff, over the objection of defendants, to file a
supplemental complaint.

The action was brought to obtain an injunction preventing
defendants, among other things, from blasting, excavating or
removing earth or rock on and from a certain block in the
city of Oakland, designated as block 70, in which is situate
the lot and dwelling-house of plaintiff, so as to deprive the lot
of plaintiff of the lateral and adjacent support of the adjoin-
ing land, and from operating engines at or near said block
70, with oil or other fuel, emitting offensive odors and injuri-
ous substances, and for damages alleged to have been caused
to plaintiff's dwelling-house and the furnishings thereof by
the smoke, soot and dirt emitted from said engines.

The original complaint does not allege that any damage had
been caused to plaintiff's property by the blasting, excavating
or removal of earth, but did allege, in substance, that defend-
ants threaten and intend to continue blasting, excavating and
removing earth from the described land, and if permitted so

to do will impair and entirely destroy the lateral and subjacent support of the land of plaintiff. The supplemental complaint alleges that by certain blasting done by defendants subsequent to the filing of the complaint the dwelling-house of plaintiff was injured and damaged, and the walls and ceilings of the rooms thereof broken and cracked, and the furniture and ornaments of said house broken and destroyed, to plaintiff's damage in the sum of $1000, for which she asked judgment.

The office of a supplemental complaint is to plead facts material to plaintiff's cause of action accruing after the filing of the complaint. (Code Civ. Proc., sec. 464.)

It is not proper to set forth a new and independent cause of action, but only such matters as may be consistent with and in aid of the case made by the original complaint. "It is no objection to a supplemental complaint that different or additional relief is asked for. Indeed, the object of the supplemental complaint is to obtain additional or different relief without resort to a new trial." (*Jacob* v. *Lorenz*, 98 Cal. 332, [33 Pac. 119]; *Baker* v. *Bartel*, 6 Cal. 483.)

In *Miller* v. *Cook*, 135 Ill. 190, [25 N. E. 756], it is said: "If the original bill is sufficient for one kind of relief and facts afterward occur which entitle the complainant to other and more extensive relief, he may have such relief by setting out the new matter in a supplemental bill." (See, also, *Candler* v. *Pettit*, 1 Paige, 168.)

In the case at bar the original complaint charged in substance that defendants threatened to do certain blasting that would impair and destroy the lateral and subjacent support to the lot of land of plaintiff, upon which was a dwelling-house occupied by her and her family. Subsequently to the filing of the complaint defendants did the threatened blasting, with the result, not of injuring the support of the lot of plaintiff, as she had feared, but damaging and injuring the house and its contents. Under these circumstances we are unable to see why it was not proper to permit the pleading of this new matter. It was not an independent cause of action, but rather matter consistent with and in aid of the original cause of action, and calling for different and additional relief.

Appellants also attack the sufficiency of the evidence to sustain certain findings of the court, but we find sufficient evidence in the record to sustain all the findings complained of.

The court found that the house and its furnishings had been damaged and injured by the soot, smoke and dirt emitted from the engines operated by defendants, and also by the blasting pleaded in the supplemental complaint, in the total sum of $307.50. In discussing the evidence to sustain this finding appellants confine themselves to the evidence tending to prove the allegations of damage under the original complaint; but the supplemental matter was properly pleaded; and when we consider the evidence introduced to sustain the damages alleged in the supplemental complaint as well as that tending to support the damages alleged in the original complaint we find ample to sustain the finding made by the court on this subject.

So, too, the finding to the effect that the defendants intend to use and operate a steam shovel and other machinery, emitting greasy dirt, soot and smoke, near to the residence of plaintiff, is supported by the evidence, especially in view of the answer of appellants, which seems to insist on their right to use the same.

The other matters discussed in appellants' brief concern the sufficiency of the complaint and the correctness of the judgment so far as it enjoins defendants from doing certain specified acts, and cannot properly be considered on an appeal from an order denying a motion for a new trial, but only on an appeal from the judgment. (*Bode* v. *Lee,* 102 Cal. 583, [36 Pac. 936] ; *Evans* v. *Paige,* 102 Cal. 132, [36 Pac. 406] ; *Brison* v. *Brison,* 90 Cal. 323, [27 Pac. 186].)

The order is therefore affirmed.

Cooper, P. J., and Kerrigan, J., concurred.