ARRACHE ET AL., PLAINTIFFS AND APPELLEES, *v.* CARLSSON, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action of Unlawful Detainer.

No. 3173.—Decided May 31, 1924.

UNLAWFUL DETAINER—SUBSTITUTION OF PLAINTIFF—PLEADING—SUPPLEMENTARY COMPLAINT.—If the plaintiff in an action of unlawful detainer disposes of the property in litigation while the case is pending, the action may be proceeded with in the name of the grantee by leave of the court and the fact of the conveyance may be pleaded in a supplementary complaint.

ID.—ID.—ID.—DEMURRER—ANSWER.—When the defendant in an action of unlawful detainer prosecuted by one who purchased the property while the case was pending sets up in his answer the sole defense that he is in possession by virtue of a lease from the first owner, but does not allege that the new owner had knowledge of the lease and had in some manner bound himself to respect it, or that the lease was recorded in the registry, the plaintiff's demurrer to the answer will be sustained on the ground that no meritorious defense was alleged.

The facts are stated in the opinion.

*Messrs. B. Esteves* and *I. Soldevila* for the appellant.

*Messrs. García Méndez & García Méndez* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Tomasa Guzmán brought an action of unlawful detainer in the District Court of Aguadilla against Ernesto Carlsson, alleging that she was the owner of a certain rural property of which the defendant was in possession without her consent and against her will.

October 3, 1923, was set for the first hearing and on that day a motion was presented alleging that after the filing of the complaint the plaintiff had sold the property in litigation to Dr. José S. Arrache and Francisca and Juan Arrache and that the present owners desired to continue the action "because the defendant was in possession of the property at sufferance." They prayed that Tomasa Guzmán be substituted by them as plaintiffs. The defendant objected and the court said: "The court is of the opinion that this is a question of discretion and, therefore, allows the subrogation by substitution, and if by reason of the substitution the attorney is not ready with his defense, the court is willing to set another day."

On the same day a supplementary complaint was filed. The defendant objected to the admission of the supplementary complaint and demurred to it on the grounds of failure to state a cause of action, misjoinder of parties and ambiguity. The court admitted the said supplementary complaint. The defendant asked for time within which to answer it and the court postponed the first hearing to the 11th of October, 1923.

On that day the parties appeared. The plaintiffs offered documentary and oral evidence and immediately thereafter demurred to the answer of the defendant, whereupon the latter's attorney asked for a recess of ten minutes in order to examine the pleadings and it was granted. The defendant's attorney assented to the demurrer and asked for an hour within which to file an amended answer. The court granted this and the amended answer was filed. It is drafted

in such a manner that it may be considered as admitting the fact of the sale to the Arrache plaintiffs. As new matter the defendant alleged that he held the property by virtue of a lease entered into with the former owner.

Thereupon the demurrer of the defendant was argued and overruled. The defendant offered his evidence and the plaintiffs objected, alleging that the answer did not state facts sufficient to constitute a good defense. The court ruled that it would consider the evidence as offered by the defendant, reserving ruling as to whether it would admit it or not until it had examined the question raised by the plaintiffs, and the court adjourned for a few hours. When the court met again it sustained the demurrer for the following reasons:

"Because the title alleged by the defendant for being in possession of the property is a mere proposed lease that never resulted in anything definite, and in the supposition that a formal lease contract had been made, then it would have been necessary to specify in the answer that the contract was recorded in the registry of property and affected third persons, or else to allege that the present owners of the property, José S., Juan or Francisca Arrache y Battistini, had knowledge of that contract and agreed to respect it. Having made neither of these two allegations, the answer does not state facts sufficient to constitute an opposition or defense to the complaint and, therefore, the court sustains the complaint and orders the eviction in the manner therein prayed for."

Judgment having been rendered accordingly, the defendant appealed to this court, assigning in his brief the following errors: (1) In admitting the substitution; (2) in admitting the supplementary complaint; (3) in overruling the demurrer of the defendant, and (4) in sustaining the demurrer to the answer and decreeing the ejectment.

1. The first assignment is without merit. Section 69 of the Code of Civil Procedure prescribes that an action does not abate by the transfer of any interest therein, if the cause of action survive, and permits in the case of "any other transfer of interest" that the person to whom the transfer

is made be substituted in the action. The Supreme Court of California, in the case of *Camarillo* v. *Fenlon,* 49 Cal. 203, laid down the following doctrine: "If the plaintiff in ejectment parts with the title to the demanded premises, pending the action, the action may be continued in his name, unless the grantee applies to be substituted as plaintiff." The Portorican law is the same as that of California.

2. The appellant maintains that the court erred in admitting the supplementary complaint, but makes not a single citation of law or jurisprudence.

Section 134 of the Code of Civil Procedure authorizes the filing of supplemental complaints or answers "alleging facts material to the case occurring after the former complaint or answer" and jurisprudence has established that permission to file such pleadings is in the sound discretion of the court. *Jacob* v. *Lorenz,* 98 Cal. 332.

Did the court abuse its discretion in this case? There is no doubt that the fact of the transfer of ownership is essential and took place after the original complaint had been filed. That being the case, the conditions required by the statute seem to exist.

The only doubt that we have had in examining the jurisprudence in connection with the facts of this case is whether or not the supplemental complaint set up a new and distinct cause of action, for if it did so independently, it would not be admissible. "A new and independent cause of action cannot be substituted by way of supplemental complaint." Fairall's Code of Civil Procedure, sec. 464, citing the cases of *Gleason* v. *Gleason,* 54 Cal. 135; *Jacob* v. *Lorenz,* 98 Cal. 332, and *Gordon* v. *San Diego,* 108 Cal. 264.

The basis of the original complaint was the defendant's tenancy at sufferance. So with the supplemental complaint. The cause of action, therefore, was not changed. The question of the lease was raised as a defense. It is evident that the alleged lease, if the district judge was wrong in

the first part of his decision, would have been a good defense against the original plaintiff, but not so as against the present owners; yet this does not mean that the cause of action asserted is different. Under these circumstances we think it can not be held that the district court abused its discretion in admitting the supplementary complaint which, as we have said, was demurred to and answered by the defendant.

3. We will not stop to consider the third assignment. It is without merit. Both complaints clearly stated a cause of action in unlawful detainer.

4. The action of the district court is justified on its own grounds. Although perhaps there might be some doubt as to the first ground, that is, that the lease contract relied on by the defendant was simply a project that never resulted in anything definite, the second ground is so clear that it leaves no room for doubt. As to the new plaintiffs, the defendant made no meritorious allegation. *Sosa* v. *Río Grande Agrícola Company, Ltd.,* 17 P.R.R. 1106; *Cuesta* v. *Ortiz,* 29 P.R.R. 460. The owner claiming possession and the defendant holding it without any right, eviction was proper and the district court did not err in decreeing it.

The judgment appealed from must be

*Affirmed.*

Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.

Mr. Justice Franco Soto took no part in the decision of this case.