[No. 5,811.]
# GLEASON v. GLEASON.

SUPPLEMENTAL COMPLAINT.—A supplemental complaint cannot be filed after final judgment, or to set up a new cause of action. Such a right can be exercised only with reference to matter which may be consistent with and in aid of the case made by the original complaint, and which occurred between the filing of the original complaint and the trial or judgment in the action.

APPEAL from an order denying to the plaintiff leave to file a supplemental complaint, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

The facts are stated in the opinion.

*John McHenry*, for Appellant.

*A. C. Adams*, for Respondent.

Department No. 1, McKEE, J. :

This is an appeal from an order denying a motion to file a supplemental complaint.

The motion was made several months after a decree had been rendered dissolving the marriage of the plaintiff and defendant, distributing the common property, and assigning the homestead. When, therefore, the application to file a supplemental complaint was made, there was no action pending in the Court between the persons to the original action. By the judgment which had been rendered, the rights of the persons to the original action were settled and determined; the persons themselves were no longer before the Court, and the judgment, being unappealed from, must be considered as final and conclusive in its effect upon the rights of the persons to it, as adjudicated therein.

But it is claimed that the particular right sought to be enforced by the supplemental complaint was not determined in the original action; and that the Court, when its attention was called to the fact, of its own motion, and after the decree had been engrossed by the defendant, amended the decree by inserting these words : " The decree is without prejudice to any rights

not herein specially decided." Such a proviso, whatever may be its force and effect in a final judgment, does not *per se* operate to give plaintiff the right to file a supplemental complaint. Such a right can be exercised only with reference to matter which may be consistent with, and in aid of the case made by the original complaint, and which occurred between the time of filing the original complaint and the trial or judgment in the action. If the matter was at issue in the original action, and was not decided, as is claimed in this case, it cannot be made, after judgment, the subject of a supplemental complaint. The remedy of the person dissatisfied was in a motion for a new trial or in an appeal from the judgment.

Besides, as we understand from the record before us, the original action was brought to obtain a divorce, and for a division of the common property; but the supplemental complaint is brought to enforce an alleged trust arising out of an express contract between plaintiff and defendant while married, in performance of which the defendant, after the judgment, acquired title to property for the benefit of plaintiff. This is, therefore, a new controversy between them—a new and independent cause of action about the title to property acquired since the judgment—and it is not allowable to substitute a new and distinct cause of action by way of supplemental complaint.

Order affirmed.

McKinstry, P. J., and Ross, J., concurred.