[L. A. No. 392. Department One.—May 31, 1898.]

## JOSE VINCENTE HILL, Appellant, v. AUGUSTUS H. DEN, Respondent.

ORAL CONTRACT FOR LANDS—STATUTE OF FRAUDS—PART PERFORMANCE.—An oral contract for the sale of real property, or of an interest therein, is invalid under the statute of frauds; but where there has been a part performance thereof, its specific performance will be compelled by a court of equity.

ID.—SALE OF LIFE ESTATE—SERVICES—POSSESSION—NOTICE TO GRANTEE—SPECIFIC PERFORMANCE.—Where services were rendered by a married woman under an oral agreement with her employer that in consideration for such services he would deed certain lands to her and her husband as a home during their lives, and the contract was fully performed on her part, and partly performed on the part of the employer by surrendering the possession and control of the lands to her and her husband, she could demand and enforce a specific performance of the contract as against the employer and as against his grantee, who must be deemed to have taken with notice of the rights of the possessors.

ID.—ACTION FOR VALUE OF SERVICES—SURRENDER OF POSSESSION.—Where the purchaser under a verbal contract for land has been put in possession and has rendered services in payment of the price, no action will lie to recover the value of the services, without first surrendering possession of the land; and where possession was retained when such action was commenced, the action cannot be aided by a subsequent offer to restore the possession.

ID.—MAINTENANCE OF ACTION—SUPPLEMENTAL COMPLAINT.—An action cannot be maintained unless the cause of action existed at the time the action was commenced; and if a party has no cause of action at the time of its commencement, he cannot maintain it by filing a supplemental complaint founded upon matters which have subsequently occurred.

APPEAL from a judgment of the Superior Court of Santa Barbara County. W. B. Cope, Judge.

The facts are stated in the opinion.

Henley C. Booth, for Appellant.

James B. Devine, for Respondent.

BELCHER, C.—This is an action to recover the alleged reasonable value of certain services performed by plaintiff's wife, Maria Augustias Hill, for defendant. The defendant had judgment, and the plaintiff appeals on the judgment-roll.

The facts of the case, as disclosed by the findings of the court or admitted by the pleadings, are as follows: On or about the eighteenth day of April, 1894, defendant requested Mrs. Hill, plaintiff's wife, to come to his, defendant's, house, and take care of him and do the necessary work about and in the house, and agreed that he would support and maintain her while she so remained, and when he should get married he would deed to her and her husband a home during their lives, designating certain realty in the city of Santa Barbara as the property to be so conveyed.

Under said promise Mrs. Hill and her husband went to defendant's house and remained there until defendant got married on December 30, 1895, and while so remaining did the work and services there to be performed under said promise and agreement; and her services were worth fifty dollars per month while she remained in his service, to wit, from April 18, 1894, to December 30, 1895.

After defendant's marriage he placed Mrs. Hill and husband in possession of the premises agreed upon between him and her, where they remained peaceably and without interference from defendant, or any one acting under him or as his successor, until after plaintiff commenced this action, when, defendant having given them no deed of the premises, they voluntarily surrendered the possession thereof.

After plaintiff and his wife entered into possession of said property, and before the commencement of this action, defendant conveyed to his wife, in consideration of love and affection, all the real property which he possessed in Santa Barbara county, the deed being dated, acknowledged, and recorded on January 24, 1896, and there has been no reconveyance to defendant of the whole or any part of the property so conveyed.

Defendant has not failed to fulfill his promise and carry out his contract except as before stated, and the execution of the deed by defendant to his wife as shown by the pleadings did not prevent him from carrying out his contract.

After the execution by defendant of the deed to his wife, plaintiff's wife demanded of defendant a deed, and he replied that his wife knew all about his arrangement with her, Mrs. Hill, and they would fix it up, and that Thomas McNulta, his attorney, had the deed.

Neither plaintiff nor his wife has received from defendant or his wife any deed of the said premises, but defendant's wife has neglected and refused to convey said property to plaintiff and his wife for life or at all.

Neither plaintiff nor his wife made any improvements or expended any money on said property during their occupancy thereof.

The action was commenced August 4, 1896. On September 8, 1896, plaintiff filed amendments to his complaint, in which he alleged "that plaintiff hereby offers to restore possession of said land to defendant, and hereby, for himself and his said wife, relinquishes, waives, and abandons all right, title, claim, and equity of either or both in and to said land on account of said verbal contract or a part performance thereof." And on the same day he filed a supplemental complaint, in which he alleged "that since the commencement of said action, to wit, on the sixth day of August, 1896, plaintiff and his said wife, Maria Augustias Hill, have quit and surrendered the possession of the premises described and referred to in the complaint."

There is and can be no dispute upon the proposition that an oral contract for the sale of real property or of an interest therein is invalid under the statute of frauds. (Code Civ. Proc., sec. 1973.) But such a contract may nevertheless be executed by the parties to it, and its specific performance may be compelled by a court of equity in case there has been a part performance thereof. (Code Civ. Proc., sec. 1972.)

Here it appears that Mrs. Hill had performed, by the services rendered, her part of the contract in full, and that there was a part performance of the contract by defendant when he placed Mr. and Mrs. Hill in possession and gave them full control of the property. It is clear, therefore, that plaintiff might have demanded a specific performance of the contract and had his demand enforced by the courts, as against both defendant and his wife, since when defendant executed the deed to his wife the Hills were in possession of the property, and she must therefore be deemed to have taken the deed with notice of their rights.

But whether an action for specific performance was plaintiff's only remedy need not be considered. In *Fuller v. Reed*, 38 Cal. 99, the following language is found in the opinion on page 110:

"If money has been paid or services rendered in the performance of the conditions of a void contract by one party thereto, and the other party fails to voluntarily perform on his part, the injured party has no remedy at law upon the contract; he may, however, under such circumstances, disaffirm such contract, and maintain his action at law to recover back money so paid, or the value of services so rendered."

Conceding that the law is thus correctly declared, still the question remains: Can the plaintiff maintain this action, he and his wife having been in the full and undisturbed possession of the property, and having made no offer to surrender the possession or restore the same at the time the action was commenced?

In Browne on the Statute of Frauds, section 121, the law is stated as follows: "When the purchaser under a verbal contract for land has been put in possession, and has made payments on account of the price, it is plain that he cannot recover the money without surrendering or offering to surrender the possession." And in Wood on Frauds, page 435, it is said: "In all cases where a person has gone into the possession of land under a verbal contract which the other party refuses to perform, before he can maintain an action for the purchase money so paid by him, or improvements put by him upon the land, he must surrender the possession."

In *Abbott v. Draper*, 4 Denio, 51, the court, by Bronson, C. J., said: "Although the statute declares a parol contract for the sale of lands void, it does not make it illegal. It is not a corrupt or wicked agreement nor does it violate any principle of public policy. Parties are at liberty to act under such contracts if they think proper. Many such have been carried into complete effect by payment of the price and conveyance of the land. Part performance does not take the case out of the statute, so that the contract can be enforced in a court of law. But when the vendee has received the possession and paid a part of the price, the contract is not so utterly void that he can recover back the money just as though there had never been an agreement. If he can recover at all so long as the vendor is not in the wrong, he must, at the least, first restore the possession, and demand the repayment of the money. It is impossible to maintain that he can retain the possession and yet recall the money."

The decisions of this court are in line with the authorities above cited. In *Haynes v. White*, 55 Cal. 38, the vendee was put in possession of the land and paid part of the purchase money. The vendor was unable to convey the title, and the vendee, while in possession, commenced the action to recover the amount of the purchase money paid and damages. It was held that the action could not be maintained, and the court said: "They," the defendants, "failed to comply with their part of the contract here in question, for they did not and could not convey to the plaintiff the title to the property; and the plaintiff having complied in part, and offered to complete the performance of the contract on his part, it is clear that had he surrendered or offered to surrender to defendants the possession of the property he could have maintained an action against them. Instead of doing this, he retained the possession of all the property and commenced this action."

And after citing section 3306 of the Civil Code as to the measure of damages, the opinion states: "But, before an action can be maintained to recover this detriment, the plaintiff must have been evicted, or have voluntarily surrendered or offered to surrender possession. He cannot, as already observed, hold on to the property and at the same time recover back what he paid." (See, also, *Herman v. Haffenegger*, 54 Cal. 161; *Gates v. McLean*, 70 Cal. 42; *Rhorer v. Bila*, 83 Cal. 51; *Hammond v. Wallace*, 85 Cal. 522; 20 Am. St. Rep. 239.)

It is well settled in this state that an action cannot be maintained unless the cause of action existed at the time the action was commenced. The decisions upon this point are numerous and need not be cited. And if a party has no cause of action at the time of its commencement, he cannot maintain it by filing a supplemental complaint founded upon matters which have subsequently occurred. (*Wittenbrock v. Bellmer*, 57 Cal. 12.)

As plaintiff and his wife were in possession of the property at the time he commenced his action, he had then no cause of action for the relief demanded, and he was not aided by his subsequent offer to restore possession.

The judgment should be affirmed.

Searls, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    Van Fleet, J., Garoutte, J., Harrison, J.