[Sac. No. 599.    Department One.—February 26, 1900.]

## A. F. BROWN, Respondent, v. VALLEY VIEW MINING COMPANY, Appellant.

PLEADING — SUPPLEMENTAL COMPLAINT — AID OF ORIGINAL CASE.—The facts to be alleged in a supplemental complaint must relate to and be material to the original case stated in the complaint.

ID.—NEW CAUSE OF ACTION — IMMATERIAL ISSUES.—If a supplemental complaint merely sets forth a new and distinct cause of action, independent of that stated in the original complaint, it is improperly filed, and cannot be considered; and it is immaterial whether the issues therein raised are supported by evidence or not.

ID.—COMPLAINT FOR SERVICES—SUPPLEMENTAL PLEADING OF DIFFERENT CONTRACT—FINDINGS.—Where an original complaint for services was based upon an express contract for the payment of a specified sum for services performed, and did not allege or show that any contract was made to pay by the month at any rate of wages, a supplemental complaint, setting up a monthly employment under which services were rendered before and after the commencement of the action, sets forth a distinct and independent cause of action; and findings based thereupon are outside of the issues presented by the complaint, and are not in harmony therewith.

Action for Services against Corporation — Finding against Evidence—Employment by Stockholders Personally.—In an action against a corporation for services rendered therefor, at its request, a finding that the plaintiff was employed by the corporation is against the evidence, where it appears without conflict that the employment of plaintiff was made by two of the shareholders of the corporation personally, acting in their own behalf, and not for the corporation, and that they were not entitled to charge the corporation therefor, if they had performed the services personally.

APPEAL from a judgment of the Superior Court of Placer County and from an order denying a new trial.   J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

John M. Fulweiler, for Appellant.

The stockholders could only bind themselves, and could not bind the corporation. (*Richardson v. Scott River etc. Co.,* 22 Cal. 150; *Love v. Sierra etc. Co.,* 32 Cal. 639; 91 Am. Dec. 602; *Gashwiler v. Willis,* 33 Cal. 11; 91 Am. Dec. 607; *Chamberlain v. Pacific Wool etc. Co.,* 54 Cal. 103; *Wright v. Oroville etc. Co.,* 40 Cal. 20; Boone on Corporations, secs. 41, 44; *Wickersham v. Crittenden,* 93 Cal. 17.)   A new cause of action cannot be set up by supplemental complaint. (*Gleason v. Gleason,* 54 Cal. 135; *Wattson v. Thibou,* 17 Abb. Pr. 184; *Cordier v. Cordier,* 26 How. Pr. 187.)

C. Kennedy, and L. L. Chamberlain, for Respondent.

The supplemental complaint properly alleged facts material to the case occurring after the former complaint. (Code Civ. Proc., sec. 464.) It was in the discretion of the court to allow it to be filed. (*Harding v. Minear,* 54 Cal. 502; *Gleason v. Gleason,* 54 Cal. 135; *Jacob v. Lorenz,* 98 Cal. 337.) It is no objection to a supplemental complaint that different or additional relief is asked. (*Baker v. Bartol,* 6 Cal. 483; *Jacob v. Lorenz, supra; Roush v. Fort,* 3 Mont. 182.) Benton acted in a double capacity, and his action bound the corporation. There is testimony that he acted as agent of the corporation, sufficient to sustain the finding, notwithstanding the evidence may be conflicting. The formal action of the directors was not necessary to bind

the corporation. (*McKiernan v. Lenzen,* 56 Cal. 61; *Greig v. Riordan,* 99 Cal. 322.) The corporation received the benefit of the services and should pay for them. (*Pauly v. Pauly,* 107 Cal. 8; 48 Am. St. Rep. 98.) A corporation cannot set up its own laches to avoid its debts, any more than can a natural person. (7 Am. & Eng. Ency. of Law, new ed., 761, note 1.)

VAN DYKE, J.—The complaint, which was filed October 11, 1895, after alleging that the defendant was and is a corporation, states "that within two years last past, at the express request of and hiring by defendant, at the county of Placer, plaintiff performed work and labor for defendant. That defendant agreed to pay therefor the sum of four hundred and eighty dollars." That defendant has not paid the same, nor any part thereof, although requested, and asks judgment for said sum of four hundred and eighty dollars. The answer admits the incorporation of defendant, but denies the employment of plaintiff by defendant, or that it agreed to pay the plaintiff, or that any sum is due the plaintiff from said defendant.

There is also a so-called supplemental complaint in the judgment-roll, and when and how that was filed appears toward the close of the statement on motion for a new trial, as follows: "This was all the testimony offered or introduced by either party, and at the close of the testimony plaintiff asked leave of the court to file an amendment to the complaint as a supplemental complaint. To this the defendant then and there objected, but the court then and there overruled the said objection to filing the amended or supplemental complaint, and allowed plaintiff leave to file the same, to which ruling defendant then and there excepted; and thereafter plaintiff filed the following supplemental complaint, which by stipulation was deemed denied, to wit" (then follows the supplemental complaint).

It is alleged in the supplemental complaint that since the filing of the original complaint the plaintiff continued in the employ of the defendant "under the express request and hiring by defendant, as set forth in the original complaint, for and during a continuous period of twenty-two months, since October 11, 1895; that defendant agreed to pay therefor the sum of twenty dollars per month, aggregating the sum of four hundred

and forty dollars"; that the same had not been paid, and pray-
ing for judgment for this additional sum of four hundred and
forty dollars.

Judgment was awarded to the plaintiff in the sum of nine
hundred and twenty dollars, being the aggregate of the sums
claimed in the original and supplemental complaints respec-
tively.   This appeal is taken from the judgment and the order
denying defendant's motion for a new trial.

1. The contention of the appellant that the court erred in
allowing respondent to file the supplemental complaint in this
case is well taken and must be sustained.   The authorities re-
lied upon by respondent do not support him.   "The plaintiff
and defendant, respectively, may be allowed on motion to make
a supplemental complaint or answer, alleging facts material to
the case occurring after the former complaint or answer."
(Code Civ. Proc., sec. 464.)

The facts to be alleged in the amended or supplemental
pleading must relate to and be material to the original case.
(*Gleason v. Gleason,* 54 Cal. 135.)   As appears from the allega-
tions in the original complaint, the action was founded upon an
express contract to pay the sum of four hundred and eighty
dollars for a certain period of services.   There is nothing said
in the original complaint in reference to employment by the
month, or how much the plaintiff should be paid per month.
The action counts upon an entire, express contract for a fixed
price, and this was a cause of action distinct and independent
from the alleged cause of action in the so-called supplemental
complaint.

Respondent refers to and relies upon *Jacob v. Lorenz,* 98 Cal.
332.   That was a proceeding to enjoin the defendant from in-
juring or washing away a certain water ditch.   On the coming
in of the answer, it appeared therefrom that the defendant had
already washed away a portion of the ditch since the com-
mencement of the action, and thereupon the plaintiff, by leave
of court, filed a supplemental complaint alleging the facts
stated in said answer, and that the same was done wrongfully
and maliciously, with intention to destroy said ditch.

In its opinion, speaking in reference to the discretion of the
court to allow supplemental pleadings, this court says: "This

discretion, however, is not an arbitrary one. In *Gleason v. Gleason, supra,* it was said that, as a general rule, the right to file a supplemental complaint can be exercised only with reference to matters which may be consistent with and in aid of the case made by the original complaint, and it is not allowable to substitute a new and independent cause of action by way of supplemental complaint." And, further: "The subject of the action was plaintiff's property and his right to convey water in his ditch across defendant's line. That right was not destroyed, and was still the subject of litigation. Damages for the injury to that property—the ditch—was incident to that right and consistent with it. It was not an 'independent cause of action.'" *Harding v. Minear,* 54 Cal. 502, another case cited by respondent, was where an attachment had been issued and the property of defendant seized under a writ of attachment at the commencement of the action, and the property thereafter released from the attachment upon giving an undertaking with sureties, as required by the code. Afterward, the defendant, having received his certificate of discharge in bankruptcy, applied to the court to file a supplemental answer setting up his discharge in bar of the action. This the court refused to allow. It was held by this court that under the circumstances it was not an abuse of discretion on the part of the trial court, for the reason, among others, that the plaintiff in the action had by his diligence obtained an attachment lien on the property of defendant four months before he commenced his proceedings in bankruptcy, and, according to the provisions of the bankruptcy law, the attachment was not dissolved by the discharge of the defendant; the only effect of the discharge was to limit the judgment recoverable in the attachment suit. The plaintiff was entitled to at least a judgment for the enforcement of his attachment lien.

2. The court finds "that all the averments of the complaint and supplemental complaint are true." All the averments of the supplemental complaint are deemed denied, and there is nothing in the record to show that there was any testimony whatever introduced to support the allegations of the supplemental complaint. Before that was filed all the testimony had been introduced, and that related entirely to the first cause of

action set forth in the original complaint. And there appears to be no stipulation or agreement that such testimony should apply to or be considered in reference to the second cause of action. But, inasmuch as the supplemental complaint setting forth a distinct cause of action was improperly filed and cannot be considered, it is immaterial whether issues therein raised were supported by evidence or not.

3. The court also finds that the plaintiff was employed by the defendant at the agreed price of twenty dollars per month from September 14, 1893, to July 14, 1897. It already appears that the original complaint is based upon an express contract for the payment of four hundred and eighty dollars, for services performed, and does not allege or show that any contract was made to pay by the month at any rate of wages. This finding, therefore, does not correspond with the averments of the complaint, or respond to the issues raised by the answer thereto. Further than this the evidence does not support the finding that the plaintiff was employed by defendant corporation. The plaintiff himself testifies: "Mr. Benton employed me to work, and I never was discharged up to this time." He introduced in support of his evidence the following letter:

"San Francisco, Cal., May, 1893.
"Mr. A. F. Brown, Keeper Valley View Mine.

"Dear Sir: This will introduce Messrs. S. M. Briggs and J. Ramsdell, to whom we have leased the mine. You will turn all the property over to them.

"Mr. Brown, we are well pleased with your services, and hope, should we be obliged to, that we can call upon you again at some future time.                 Yours truly,

"D. E. ALLISON,
"C. L. BENTON,
"By Benton."

On cross-examination, plaintiff admitted that he received payments from Benton on May 10, 1893, and receipted to Benton in full for all demands. The plaintiff further testified "that he had never seen Mr. Allison, but had always dealt with Mr. Benton, and wrote to him." Further: "That he did not know Mr. Benton was connected with the defendant company. He was employed by Mr. Benton and had corresponded with

him, and received what money was paid from Mr. Benton."
Mr. Benton was called as a witness on behalf of the plaintiff,
and testified that he employed Mr. Brown as watchman on the
Valley View mine some time in October, 1892. "That he was
not the superintendent or agent of the Valley View Mining
Company, and had not employed Mr. Brown for the company,
or as the superintendent or agent of the company. . . . . That
he had employed Mr. Brown to act as watchman on his own be-
half, as also on behalf of Mr. Allison, as they were more inter-
ested as stockholders in the company than anyone else, and they
desired to preserve the property from destruction." That he
had discharged Mr. Brown in May, 1893, and paid him in full
for his services, as shown by the check to and receipt of Brown.
He further testified that the parties with whom he had made the
agreement and bond of March 21, 1893, introduced by the
plaintiff, took possession of the mine, and from that time after-
ward he had not employed Mr. Brown, either for himself or for
anyone, and did not know that he, Brown, was there claiming to
work as watchman. That all the time after May, 1893, the par-
ties with whom he made those agreements, and other parties for
them, were in charge of the work and looking out for the mine,
and not Mr. Brown. That the directors of the Valley View
Mining Company held two meetings in the spring of 1892, and
in June two of the directors resigned, leaving only three direct-
ors, and there had been no election of directors to fill the va-
cancy of those who resigned, or meeting of the other directors or
stockholders of said company until late in the fall of 1897. Mr.
Benton also testified that he never claimed at any time to be
acting as agent or superintendent of the Valley View Mining
Company, and that he and Mr. Allison, as codirectors, paid
Brown for his services as watchman employed by him. That
it was for his own interest and that of Allison as stockholders.

The corporate powers and business of all corporations of the
class to which the defendant belongs must be exercised, con-
ducted, and controlled by a board of not less than five directors,
and whenever a vacancy occurs in the office of director, unless
the by-laws of the corporation otherwise provide, such vacancy
must be filled by an appointee of the board; unless a majority or
quorum of the directors is present and acting, no business per-

formed or act done is valid as against the corporation, except for the purpose of filling vacancies in the board. (Code Civ. Proc., secs. 305, 308.)

It appears from the uncontradicted evidence in this case that the board of directors of the defendant corporation consisted of five, and that from the spring of 1892 to the fall of 1897 there were two vacancies in such board. That these vacancies were not filled during that period, and no meeting of the board of directors was held for the transaction of any business of the corporation.

It further appears by the testimony introduced by the plaintiff that he was employed by Mr. Benton, for himself and Mr. Allison, and not by the corporation. There is no ground, therefore, for a presumption or implication that the employment was at the instance or request of the defendant corporation. Neither Mr. Benton nor Mr. Allison were entitled to any compensation from the company for any services performed by them in looking out for the mine; for doing this they were but attending to their own interests as stockholders in the company. "A director in a corporation is not entitled to compensation for his services as director in the absence of any agreement in advance that he shall receive such compensation." (*Wickersham v. Crittenden*, 93 Cal. 17-32.)

If Benton himself could not charge the corporation for such services performed by himself, a substitute he might employ would be in no better position.

The evidence in the case does not support the findings or justify the judgment against the defendant corporation.

The judgment and order denying a new trial are reversed.

Harrison, J., and Garoutte, J., concurred.