[Civ. No. 1517.  Second Appellate District.—February 11, 1915.]

## IMPERIAL LAND COMPANY (a Corporation), et al., Respondents, v. IMPERIAL IRRIGATION DISTRICT et al., Appellants.

IRRIGATION DISTRICTS—ASSESSMENTS—PETITION BY VOTERS FOR ELECTION—STAY OF ASSESSMENT—CONSTRUCTION OF BRIDGEFORD ACT.—Under the "Bridgeford Act," as amended in 1911 (Stats. 1897, p. 254; 1911, p. 1111), when a petition is filed signed by fifteen per cent of the qualified voters in an irrigation district petitioning for an election relative to the levying of an assessment levied by four-fifths of the members of the board of directors, the proposed levy of assessment is stayed until such election has been held and the requisite number of votes cast in favor of it; but there is nothing in the statute requiring the board of directors to call the election, and a failure to call it, if a sufficient petition therefore has been filed, is in substance an abandonment of the proceeding.

ID.—MANDAMUS—WHEN LIES.—A writ of *mandamus* can issue only to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station; and as the law does not specially or at all enjoin the holding of the election in such a case, even though the requisite number of qualified voters have petitioned therefor, a writ of *mandamus* will not lie to compel the board of directors of the irrigation district to call such election.

ID.—LEVYING ASSESSMENT WITHOUT ELECTION—REMEDY TO PREVENT.—In such a case, if a sufficient petition for an election be filed, and if, notwithstanding such petition, the board of directors of the district attempt to levy and collect the assessment without holding an election, there is a plain, speedy, and adequate remedy under the act,

26 Cal. App.—34

○

which provides that if the board of directors fail to bring action to determine the validity of the assessment, any assessment-payer, within thirty days after the levy, may bring such action.

APPEAL from a judgment of the Superior Court of Imperial County. Louis W. Myers, Judge presiding.

The facts are stated in the opinion of the court.

A. Haines, Haines & Haines, and M. W. Conkling, for Appellants.

Valentine & Newby, for Respondents.

FINLAYSON, J., *pro tem.*—Respondents, owners of real property within the Imperial Irrigation District, filed a petition in the superior court praying for a writ of mandate to compel appellants to call an election submitting to the electors within the district the question of levying a special assessment of two per cent. After the trial the court rendered judgment granting the writ, and the defendants appeal therefrom.

The basis of the application for the writ is found in section 59 of the "Bridgeford Act," as amended in 1911 (Stats. 1897, p. 254; 1911, p. 1111), which, after certain provisions respecting special assessments initiated by the vote of the electors, is as follows: "An assessment of not to exceed two per centum of the value of the assessable property within the district may be levied in any one year without such vote, by the adoption of a resolution by at least four-fifths of the members of the board of directors . . .; provided, further, that if a petition signed by qualified voters in the district equal in number to fifteen per centum of the votes cast at the last preceding general election in such district, shall, . . . be filed with such board, petitioning that an election relative to the levying of such assessment be held, such assessment shall not be levied without the election provided for in this section."

The district's board of directors unanimously adopted a resolution resolving that "it is necessary . . . that the sum of $28,935 be raised by special assessment for the general fund," and that, to that end, "there be and is hereby levied an assessment of .002 upon the dollar." Thereafter respondents filed a petition for an election, as follows: "We, the

undersigned qualified voters in the Imperial Irrigation District, equal in number to fifteen per centum of the votes cast at the last preceding general election in such district, hereby petition that an election relative to the levying of the special assessment made by you on the 24th day of September, 1913, be held in the manner and at the time required by law, and that such assessment be not levied or enforced until such election shall have been held and the result declared.'' At a meeting of the board of directors of the district, a motion was adopted whereby the board declared that it found no affidavit or other evidence had been submitted in support of or tending to establish the genuineness of the signatures attached to the petition for the election, that ''there is affirmative evidence upon the face of said document tending to show that a number of the subscribed names thereto are not the genuine signatures of the persons whose names purport to be thereunto subscribed,'' and that the board ''is not satisfied from the showing made . . . that said petition is signed by qualified voters in the district equal in number to fifteen per cent of the votes cast at the last preceding general election.'' From these findings the board concluded ''that it is not justified in calling an election on said document,'' and that ''the filing of such document constitutes no reason or ground to suspend or in any way affect the levy of the assessment.'' It also appears from the admitted allegations of respondents' petition for the writ that appellants refuse to submit to the electors the question of whether the assessment should be levied, and likewise that they are now proceeding to enforce the assessment without submitting it to a vote.

When the board of directors of an irrigation district has passed a resolution providing for an assessment of less than two per centum of the value of the assessable property within the district and not exceeding the sum of seventy-five thousand dollars, and when, following the adoption of such resolution and within the time specified in the act, a sufficient number of qualified voters have filed with the board a petition for an election, the act provides that ''such assessment shall not be levied without the election provided for in this section.'' The effect of these provisions is that the filing of such petition stays the proposed levy of assessment until such election has been held and the requisite number of votes cast in favor of the assessment. There is nothing in

the statute requiring the board of directors to call the election. A failure to call the election, if a sufficient petition therefor has been filed, is in substance an abandonment of the proceeding. The writ of mandate can issue only ''to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station.'' (Code Civ. Proc., sec. 1085.) The law does not specially or at all enjoin the holding of the election, even though the requisite number of qualified voters have petitioned therefor. From this it follows that the writ sought for in this case should not issue.

If a sufficient petition for an election be filed, and if, notwithstanding such petition, the directors of a district attempt to levy and collect the assessment without holding the election, the act itself provides a plain, speedy, and adequate remedy. For, in addition to any other existent remedy, relief can be had by proceedings on the part of the assessment payers in accordance with section 69 of the act, whereby it is provided that if the board of directors of the district fail to bring an action to determine the validity of the assessment, any assessment payer, within thirty days after the levy, may bring such an action.

The judgment is reversed and the cause remanded with directions that the proceeding be dismissed.

Conrey, P. J., and James, J., concurred.