[L. A. No. 4196. Department One.—November 17, 1916.]

IMPERIAL LAND COMPANY (a Corporation) et al., Appellants, v. IMPERIAL IRRIGATION DISTRICT et al., Respondents.

IRRIGATION DISTRICT—ASSESSMENT—DOLLAR-MARK—INSERTION AT HEAD OF VALUATION COLUMN.—Where the column in an assessment-book of an irrigation district designed to show the values of the properties assessed was headed by a dollar-mark, it was not necessary to the validity of a particular assessment to repeat that symbol before the valuation inserted in the column. The fact that such symbol was also inserted at the head of other columns not designed to show valuations is immaterial.

ID.—ASSESSMENT-BOOK—TOTAL VALUATION—TIME OF MAKING EXTENSION AND ADDITION BY SECRETARY.—The Irrigation District Act does not require that the assessment-book should show on its face that the total valuation, as finally equalized by the board of directors, had been extended into columns and added by the secretary within ten days after the close of the session of the board of equalization.

ID.—RECORD OF ESTIMATE OF ASSESSMENT—RESOLUTION OF BOARD.—A resolution adopted by the board of directors of the district, stating that it is necessary for the lawful purposes of the district for a given fiscal year, that a particular sum of money be raised by special assessment for the general fund, is a sufficient recordation of the estimate by the board of the amount of the assessment.

ID.—ACTION TO DETERMINE VALIDITY OF ASSESSMENT—ELECTION ON ASSESSMENT—REFUSAL TO HOLD ELECTION—SUPPLEMENTAL COMPLAINT.—An action by an assessment payer, brought under section 69 of the Irrigation District Act, to determine the validity of an assessment levied by the board, is based on the theory that the assessment is invalid, while the election authorized by section 59 of the act presupposes the validity of the assessment, and seeks to subject the action of the board by referendum to the electors of the

district. The refusal of the board to hold such election creates a new and independent cause of action in favor of the assessment payer, not consistent with or in aid of the action under section 69, and cannot be set up therein by way of supplemental complaint.

Id.—Relief Under Supplemental Complaint.—A supplemental complaint must relate to and be material to the original case, and relief cannot be granted thereon where the proof shows that the plaintiff had no cause of action when his original complaint was filed.

APPEAL from a judgment of the Superior Court of Imperial County. Robert M. Clark, Judge presiding.

The facts are stated in the opinion of the court.

Valentine & Newby, for Appellants.

M. W. Conkling, A. Haines, and Haines & Haines, for Respondents.

SLOSS, J.—This action was brought by various land owners in the Imperial Irrigation District to contest the validity of an assessment levied by the board of directors of the district. We have just filed an opinion in a case bearing the same title (L. A. No. 3765, *ante,* p. 660, [161 Pac. 113]). In that action, the assessment attacked was one levied for the year 1912, and our decision turned, in part, upon the fact that the complaint had not been filed within the period limited by section 68 of the Bridgford Act [Stats. 1897, p. 276].

The assessment here in question was levied on September 24, 1913, and the action to determine its validity was begun on October 23, 1913, less than thirty days after the levy. On January 9, 1914, the plaintiffs filed a supplemental complaint in which they alleged the filing of a petition for an election pursuant to the terms of section 59 of the act. That section provides for an election by which the qualified electors of the district shall determine whether or not a special assessment shall be levied "for the purpose of raising money to be applied to any of the purposes provided in this act." This grant of power to call such election is followed by a proviso authorizing the board to levy in any year an assessment not exceeding two per centum of the value of the assessable property within the district, and not exceeding seventy-five thousand dollars, without the vote of the electors; "provided,

further, that if a petition signed by qualified voters in the district equal in number to fifteen per centum of the votes cast at the last preceding general election in such district, shall, within thirty days after the board shall by resolution have provided for the levying of such assessment, be filed with such board petitioning that an election relative to the levying of such assessment be held, such assessment shall not be levied without the election provided in this section." The supplemental complaint, after setting forth the filing of a sufficient petition within the thirty days, alleged that the board of directors had refused to call an election, and was proceeding to enforce the assessment without submitting the question to the vote of the electors.

The answer to the original complaint put in issue the allegations designed to show irregularities in the levying of the assessment itself. The answer to the supplemental complaint, while admitting the filing of a petition, denied that it had been signed by the requisite number of voters, and alleged that the board had determined that it was "not satisfied . . . that said petition is signed by qualified voters in the district equal in number to fifteen per cent of the votes cast at the last preceding general election. . . ."

In response to the issues raised by the original complaint and the answer thereto, the findings were that the assessment had been levied in compliance with the requirements of the law. On the supplemental pleadings, the court found in accordance with the allegations of the answer. The conclusions of law were that "the original complaint herein should be dismissed on the merits," and that the declaration and action of the board of directors with reference to the petition for election "are conclusive in this action and are not open to collateral attack herein." The judgment was that the complainants take nothing, that the temporary injunction theretofore issued be dissolved, and that the defendants recover their costs.

The appellants appeal from the judgment, and attack the propriety of the determinations made by the court below with reference both to the original and the supplemental pleadings.

We are satisfied that the court below correctly determined that there was no merit in the attacks upon the assessment made by the original complaint. Certain irregularities were alleged and denied, and the court found against the averments

of the complaint in each instance. We cannot accede to the claim that these findings are without support in the evidence. It is claimed that the assessment-book did not comply with section 35 of the Bridgford Act, in that it did not state the cash value of the real estate assessed. It appears, however, that the various pages of the assessment-book contained columns for the entry of the different matters required, and that the columns designed to show the values of the properties assessed were, in each case, headed by a dollar-mark. The mark thus appearing at the head of the column was applicable to all of the figures appearing in that column. It was not necessary to repeat the symbol before each valuation on the page. (*Knobloch* v. *Associated Oil Co.*, 170 Cal. 144, [148 Pac. 938].) An entirely different situation was presented in *Fox* v. *Townsend*, 152 Cal. 51, [91 Pac. 1004, 1007], and the earlier decisions there cited. In those cases the assessment-roll did not contain a dollar-mark connected in any way with the figures of valuation. The appellants attempt to make a point of the fact that the dollar-mark was also printed at places where it had no purpose or significance, as, for example, at the head of the column for "total number of acres to be assessed." But the circumstance that the sign was unnecessarily or uselessly appended in some instances furnishes no reason for denying it its true significance in the places where it properly belonged.

Without going into unnecessary detail, it will suffice to say that an inspection of the portions of the assessment-book copied in the transcript demonstrates that there is no substantial force in plaintiffs' contention that the evidence does not sustain the finding that the assessment-book shows "the total value of all property assessed," and "the total value of all property after equalization by the board of directors of said district." The figures appearing in the last volume of the assessment-book disclose these totals, and they are entered in such manner that there can be no fair ground for doubt or uncertainty regarding their meaning. It is claimed that the assessment-book does not show on its face that the total valuation, as finally equalized by the board, had been extended into columns and added by the secretary within ten days after the close of the session of the board of equalization. (Sec. 38 of the act.) But the act does not require that the books shall show that the extension and addition were made

within the required time, and there was uncontradicted oral testimony that the requisite acts had been so done.

The next objection is that the evidence does not sustain the finding that the board of directors estimated or determined that the sum of $28,935 was the sum required to be raised by special assessment. It is sufficient, in answer to this point, to quote the following language from the resolution adopted by the board on September 24, 1913: "Be it resolved by the board of directors of said Imperial Irrigation District, that it is necessary for the lawful purposes of said district for its fiscal year 1913–14, that the sum of $28,935 be raised by special assessment for the general fund." The statute does not require that any more detailed estimate shall be spread upon the record.

The foregoing discussion disposes of every substantial point bearing upon the validity of the assessment as originally levied. The appellants complain of the conclusion of law that the "original complaint should be dismissed," claiming that judgment upon the merits should have been ordered. We cannot see that the appellants are prejudiced by a dismissal in place of a judgment against them on the merits. However, a judgment of the latter kind was, in fact, entered.

The plaintiffs having, then, failed to establish a case for relief under their original complaint, were they entitled to prevail under the supplemental pleadings? The court below proceeded upon the theory that the determination of the board with respect to the insufficiency of the signatures to the petition for election concluded the plaintiffs and prevented them from showing that a sufficient petition to require an election had in fact been presented. In the view we take of the case, we are not called upon to determine whether this position can be supported. An analogous question was fully considered by this court in *Wilcox* v. *Engebretsen*, 160 Cal. 288, [116 Pac. 750]. It may well be that the doctrine of that case would require a holding that the determination of the board regarding the sufficiency of the signatures to the petition for an election under section 59 is not conclusive, but that the question is open for examination and review in any judicial proceeding in which the validity of the board's action is properly called in question. But the propriety of the action of the board in refusing to call an election was not a proper subject of inquiry in the present action. It was not

a matter which could be brought into litigation by supplemental pleadings. The action was brought under section 69 of the Bridgford Act to determine the validity of an assessment levied by the board. The case of the plaintiffs was based upon the theory and contention that the assessment so levied was invalid. The election authorized by section 59 of the act is not an attack upon the validity of the original levy. It presupposes such validity, but seeks to subject the action of the board to a referendum, i. e., to the veto power of the electors of the district. The original complaint was one to determine the validity of the assessment, that is to say, to obtain an adjudication that the assessment was invalid. The supplemental complaint sought an adjudication, not that the assessment was invalid, but that it should be suspended until the holding of an election which should result in authorizing or prohibiting the enforcement of the assessment. It follows, therefore, that the supplemental complaint is not consistent with or in aid of the original complaint, but is the assertion of a new and independent cause of action. It is well settled by our decisions that the facts to be alleged in a supplemental pleading must relate to and be material to the original case. (*Gleason* v. *Gleason,* 54 Cal. 135; *Brown* v. *Valley View Min. Co.,* 127 Cal. 630, [60 Pac. 424]; *Bowman* v. *Wohlke,* 166 Cal. 121, [Ann. Cas. 1915B, 1011, 135 Pac. 37].)

Furthermore, since a supplemental pleading is proper only in aid of the case made by the original complaint, relief cannot be granted upon a supplemental complaint, where the proof shows that the plaintiff had no cause of action when his original complaint was filed. "If a party has no cause of action at the time of the institution of his action he cannot maintain it by filing a supplemental complaint founded on matters which have subsequently occurred." (*Wittenbrock* v. *Bellmer,* 57 Cal. 12; *Gordon* v. *San Diego,* 108 Cal. 264, [41 Pac. 301]; *Hill* v. *Den,* 121 Cal. 42, [53 Pac. 642].) Here, as we have seen, the plaintiffs had no cause of action when their complaint was filed. The findings of the court against their allegations of irregularity were fully supported by the evidence. They could not, therefore, make a new case by supplemental complaint.

For these reasons the court could not have granted the plaintiffs relief upon their supplemental complaint, and they

CLXXIII Cal.—43

are not injured by the court's action thereon, even though such action may have been based upon an erroneous reason.

We do not doubt that the action of the board in attempting to collect an assessment, notwithstanding the filing of a sufficient petition for an election under section 59, would justify an action by the assessment payer to restrain the enforcement of the assessment until the holding of the election. Whether such action can be regarded as a proceeding, under section 69, "to determine the validity of such assessment," as is suggested in *Imperial Land Co.* v. *Imperial Irr. Dist.*, 26 Cal. App. 429, [147 Pac. 593], it is not necessary here to decide. It is sufficient for the purposes of this case to say that, if the failure to call an election gives to the land holder the right to proceed under section 59 of the act, such right is entirely distinct from the right, asserted by a complaint filed before the presentation of the petition for election, to assail the validity of the original levy.

The judgment is affirmed.

Shaw, **J.**, and Lawlor, **J.**, concurred.