**ZURICH GENERAL ACCIDENT & LIABIL-ITY INS. CO. v. BRUNSON et al.***

(Circuit Court of Appeals, Ninth Circuit. November 29, 1926.)

No. 4928.

**1. Master and servant** ⬅️371—**Compensation insurer assumes employer's obligations and burdens (Oregon Workmen's Compensation Law [Or. L. § 6605 et seq.]).**

Insurer, under workmen's compensation policy, issued under Oregon Workmen's Compensation Law (Or. L. § 6605 et seq.) has same relation to injured workman as state, and assumes employer's obligations and burdens.

**2. Master and servant** ⬅️371—**Causal relation between accident and employment must exist to authorize recovery under compensation policy (Oregon Workmen's Compensation Law [Or. L. § 6605 et seq.]).**

Causal relation between accident and employment must exist to authorize recovery under workmen's compensation insurance policy, issued under Oregon Workmen's Compensation Law (Or. L. § 6605 et seq.).

**3. Master and servant** ⬅️373—**Accidental injury from inherent or congenital weakness, unknown to employer, does not arise out of and in "course of employment."**

Accidental injury resulting from inherent or congenital weakness of employee, unknown to employer, does not arise out of and in "course of his employment."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

**4. Insurance** ⬅️612(1)—**Tender by injured employee of release at trial before judgment, in action on compensation policy, held sufficient compliance with policy (Oregon Workmen's Compensation Law [Or. L. § 6605 et seq.]).**

Where sufficiency of complaint, in action on compensation policy issued under Oregon Workmen's Compensation Law (Or. L. § 6605 et seq.), was not challenged, nor defense that release required by policy was not presented before action was brought pleaded in answer, tender of release at trial before judgment was sufficient compliance with policy.

**5. Master and servant** ⬅️375(1)—**Employee, receiving injury while seated for noon lunch, held injured in course of employment.**

Where employee, clearing land on precipitous mountain, while seated on mountain side to eat noon lunch, accidentally cut his leg with knife, in attempting to cut a twig, and in replacing boot after examining injury lost his balance and fell into fire, *held* that injury was received in course of his employment.

**6. Master and servant** ⬅️375(1)—**Necessary incidents of life do not suspend employment relation.**

Necessary incidents of life enter into employment, and do not suspend the relation.

*Rehearing denied January 31, 1927.

**7. Master and servant** ⬅️403—**Burden is on compensation insurer to prove injury was induced by employee's inherent or congenital weakness.**

Burden is on workmen's compensation insurer to prove that injury was induced by inherent or congenital weakness of employee and not to accident arising out of employment.

**8. Evidence** ⬅️77(1)—**On appeal, court will assume that testimony of available witness, not called by party, was not favorable.**

Testimony of available witness, who was not called by party, will be assumed on appeal to be unfavorable to such party.

**9. Master and servant** ⬅️348—**State Compensation Law and policy issued thereunder should be liberally construed (Oregon Workmen's Compensation Law [Or. L. § 6605 et seq.]).**

Broad and liberal construction should be given to Oregon Workmen's Compensation Law (Or. L. § 6605 et seq.) and compensation policy issued thereunder, to effectuate purposes of statute without legal technicalites and refinements.

**10. Master and servant** ⬅️385(11)—**Loss of hands and distortion of face, nostrils, and eye held to justify finding of total permanent disability.**

Loss of employee's hands through burning in fire, and permanent distortion of employee's lips, nostrils, and eye, *held* to justify finding of total and permanent disability within workmen's compensation policy.

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action by William Brunson and another against the Zurich General Accident & Liability Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

This appeal is from a judgment in favor of appellees on a policy of insurance issued by the appellant to the Western Lumber Company, for injury to William Brunson, as employee of the Western Lumber Company. The trial court found: That the Western Lumber Company had entered into a contract with the appellant, whereby the appellant agreed for value, among other things, for any accident arising out of and in the course of employment, causing an injury to employees of the lumber company, the insurance company would pay the compensation benefits provided in the Workmen's Compensation Law (Or. L. § 6605 et seq.) of the state of Oregon, provided a valid release from all liability on account of said injury should first be obtained from such injured employee, and further provided that the same might be enforced by an injured employee. That, while the contract was in force, appellee William Brunson, as em-

ployee of the lumber company, was working in the woods "on the side of a precipitous mountain, felling snags and clearing the land preparatory to it being burned over. That he was accustomed to taking his luncheon with him and eating it in the noon hour. That the day was damp and cold, and at lunch time he and his fellow workmen set fire to a pile of débris, and then seated himself on the side of the mountain above the fire for the purpose of warming and drying himself while eating his lunch. While thus seated, he had occasion to use his pocket knife to cut a small twig or bush which was in the way, and in so doing accidentally cut his leg, causing the same to bleed quite freely. He removed his boot to examine the wound, and, while replacing it, lost his balance and fell or rolled down the side of the mountain and into the fire, burning himself severely. Both hands were practically destroyed and are useless. His face was deeply burned, leaving his lips, nostrils, and eye permanently distorted. That the injury was a personal injury by accident, and arose out of and in the course of his employment, and was caused by violent and external means, and that at the trial * * * the plaintiff offered to deliver to the defendant any form of receipt required by the policy and demanded by the defendant." That, as a result of said accident and injury, the plaintiff is totally and permanently incapacitated from following any gainful occupation, and entered judgment in harmony with the provisions of the Workmen's Compensation Law of the state of Oregon.

The appellant claims the court erred in finding that the accident arose out of and in the course of the employee's employment, and that the employee was permanently disabled, and that the court erred in not requiring that the receipt should be furnished before the action was instituted.

Bronaugh & Bronaugh and F. C. McDougal, all of Portland, Or., and J. Hampton Hoge, of San Francisco, Cal., for appellant.

W. A. Carter, Franklin F. Korell and Jerry E. Bronaugh, all of Portland, Or., for appellees.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge (after stating the facts as above). [1-3] The workmen's compensation insurance of the state of Oregon is not compulsory. The employer has a right to elect not to come under the act,

and by so doing he is stripped of certain of the defenses specified in the statute, such as negligence of a fellow servant, and assumption of risk. See sections 6614–6620, Laws of Oregon. The employer has the right to protect himself by other insurance for injury to his employees. The contract of insurance having relation to the Workmen's Compensation Act of Oregon, the appellant, in effect, places itself in the same relation to the injured workman as the state, and by the same token assumes the obligations and burdens of the employer. To recover under the policy, a causal relation between the accident and the employment must exist. Coronado Beach Co. v. Pillsbury, 172 Cal. 682, 158 P. 212, L. R. A. 1916F, 1164. It may also be said that an injury resulting from accident from inherent or congenital weakness of the employee, unknown to the employer, does not arise out of and in the course of his employment. Joseph v. United States Kimono Co., 194 App. Div. 568, 185 N. Y. S. 700; Van Gorder v. Packard Motorcar Co., 195 Mich. 588, 162 N. W. 107, L. R. A. 1917E, 522.

[4] The court did not err in not dismissing the action because a release had not been previously presented. The sufficiency of the complaint was not challenged, nor is such defense pleaded in the answer. It was sufficient, on this record, to meet this condition of the policy by the plaintiff, appellee, tendering a release to the defendant, appellant, on the trial before judgment. The only function of the release was to discourage litigation and afford release from liability. If release had been tendered and accepted, no action would have been necessary, and, if accepted on tender at the trial, the action would have ended. In the one case, no costs would have been made, and, in the other case, the appellee would have been required to pay the costs, and the judgment in this case affords a valid release. Hill v. Den, 121 Cal. 42, 53 P. 642, and Imp. Land Co. v. Imp. Irr. Dist., 173 Cal. 668, 161 P. 116, are not in point, nor Putney v. Whitmire (C. C.) 66 F. 385, and Emerson v. Hubbard (C. C.) 34 F. 327, persuasive.

[5, 6] The court did not err in finding that the injury was received in the course of appellee's employment. There was no intervening relation or act to interrupt the continuity of conduct of the appellee in his engagement in felling snags and clearing the land. Cutting the shrub or twig with a jackknife was an act in harmony with and in the course of employment, in a very small way. There was no interrupting cause or exposure to new danger, no risk to danger from other

agencies. It was at the place of and in line with his work. It is not material that the twig was little and cut with a jackknife, instead of a shrub or snag and cut with an axe. The relation of employer and employee was not suspended. Many cases hold that an employee is deemed as a general rule to be engaged in the employment in going to and from his work upon the premises. 18 R. C. L. 584, § 89. Necessary incidents of life enter into the employment and do not suspend the relation (Ryan v. Fowler, 24 N. Y. 410, 82 Am. Dec. 315), including eating lunch on the premises (18 R. C. L. 583). In Taylor v. Bush, 6 Pennewill (Del.) 306, 66 A. 884, 12 L. R. A. (N. S.) 853, the plaintiff was employed as a helper on a coal wagon. The employees were in the habit of bringing their lunch each day to the stable and stable yard of the defendant and there eating their noonday meal, either in the stable or the stable yard, leaving their dinner pails in the stable until the end of the day's work. On the day of the injury, the plaintiff, after receiving his slip and money at the company's office, which was situated about a block from the company's stable, walked to the stable yard to get his dinner pail. As he was walking on a passageway inside of the company's stable yard, he was injured, and the court held that the injury arose out of and in the course of his employment. The Supreme Court of Texas, in Lumberman's Reciprocal Ass'n v. Behnken et al., 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402, holds that an injury to an employee of a mill, who resides in a house furnished by the mill company, when crossing by the customary route a railroad located between the mill and the home when returning to his work after eating his dinner, is within the provisions of the Workmen's Compensation Act, that injury shall be considered in the course of employment when having to do with and originating in the work of the employer and received by the employee while engaged in or about the furtherance of the affairs or business of the employer. In Thomas v. Proctor & Gamble Mfg. Co., 104 Kan. 432, 179 P. 372, 6 A. L. R. 1145, the court said:

"In an action under the Workmen's Compensation Law, there was evidence that the plaintiff, a 17 year old native girl, who was paid by the hour, was injured during a half hour intermission at noon while, although at liberty to leave the premises, she remained there, and, after eating her lunch, engaged with fellow employees in accordance with a custom known to and approved by her employer, in riding on a truck, her injury being caused by falling from the truck while it was being drawn by a fellow employee; held, that a finding was justified that the action occurred in the course of her employment."

In Racine Rubber Co. v. Ind. Comm., 165 Wis. 600, 162 N. W. 664, an employee was injured while eating his lunch in accordance with an existing custom, when a pile of crude rubber unexpectedly fell on him, breaking his leg; the court held that he was injured in service "growing out of and incidental to his employment." In Haller v. Lansing, 195 Mich. 753, 162 N. W. 335, L. R. A. 1917E, 324, an injury to an employee engaged in outdoor work, by explosion of a gasoline tank in a toolhouse connected with the work, in which he sought shelter while eating his lunch, the explosion being occasioned by him striking a match to light his pipe, was held "to arise out of and in the course of his employment." An employee working in a cellar fell down an elevator shaft on his employer's premises during the lunch hour, it being customary for the men after eating their lunches to go to the ground floor for air, etc. The court held that he was killed while in the course of his employment. Donlon v. Kips Brewing & Malting Co., 189 App. Div. 415, 179 N. Y. S. 93. In Helmke v. Thilmany, 107 Wis. 216, 83 N. W. 350, an employee was injured after finishing his work, by cogwheels, in a closet where he had gone to change his clothes. In Boyle v. Columbian Fire Proofing Co., 182 Mass. 93, 64 N. E. 726, an employee was injured on an elevator upon which he was going with other workmen to dinner. The court in these cases held that the employment was not interrupted, the relation of master and servant existed, and the injury arose in the course of and out of the employment. Each case must rest upon its own peculiar facts.

The appellee was doing what he might reasonably do at the time and place. He was at a place where he was required to be. Stark v. Ind. Accident Comm., 103 Or. 80, 204 P. 151. He was doing what was reasonably incident to the employment. The risk was not unnecessarily increased. He did not choose an unnecessarily dangerous place. He acted like any reasonably prudent man employed in like manner would under the same circumstances. No reasonable mind upon consideration of all the circumstances can fail to see a causal connection between the conditions under which the work was required to be performed and the work he was engaged for and required to do, the act that he was doing and the resulting injury.

[7, 8] Was the injury induced by inherent

or congenital weakness and not to fainting caused by accident arising out of the employment? We have examined the record. The burden was upon the appellant. The testimony upon that issue is not voluminous. A fellow servant of the employee, appellee, was available. The appellant did not call him, and we must assume his testimony was not favorable to the appellant. The trial judge found against the appellant. He had before him the witnesses, observed their demeanor and manner of testifying, and from long judicial experience was especially qualified to conclude upon the facts, which we shall not disturb.

[9] Legal technicalities and refinements should find no place here, when the purpose and intent to effectuate the beneficent influence occasioned by the provisions of the Compensation Law of Oregon, and this policy in its stead, is manifest, a broad and liberal construction should be given. Farrin v. Ind. Ins. Comm., 104 Or. 471, 205 P. 984.

[10] Nor did the court err in finding appellee totally and permanently disabled. The loss of both hands and the condition of his face, as disclosed by the findings, of the trial court, and condition of face and eye, emphasized by the photo in evidence, are conclusive.

The judgment is affirmed.